## THE PEOPLE *ex rel.* Adolph Ender

*v.*

## CHARLES S. DENEEN, State's Attorney.

*Opinion filed February 18, 1903.*

1. APPEALS AND ERRORS—*appeal in mandamus is taken as in other civil cases.* Appeals and writs of error in *mandamus* cases are to be prosecuted in this State in the same manner, upon the same terms and with like effect as in other civil cases.

2. SAME—*when the Supreme Court has no jurisdiction of writ of error.* The Supreme Court has no jurisdiction of a writ of error direct to the circuit court to reverse a judgment of that court denying leave to file a petition for *mandamus* to compel a State's attorney to sign a petition for an information in *quo warranto* to oust parties from office, since, even if title to an office is involved, an office is not a franchise.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

A. D. GASH, and JAMES HARVEY HOOPER, for plaintiff in error.

CHARLES S. DENEEN, A. C. BARNES, and FRANK W. BLAIR, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A petition was filed in the circuit court of Cook county in the name of the People of the State of Illinois, on the relation of Adolph Ender, for a writ of *mandamus*, commanding Charles S. Deneen, State's attorney of said county, to sign two verified petitions presented by said relator to said State's attorney, praying the court for leave to file informations, in the nature of a *quo warranto*, against John R. Neely, medical director, and Helen S. Hay, superintendent of nurses, of the Cook county institutions at Dunning, Illinois. Summons was issued and served upon defendant, and he appeared and filed a general demurrer to the petition, which the court sus-

tained. The petition was dismissed and judgment rendered against the relator for costs. The writ of error in this case was sued out to review the judgment of the circuit court.

The petition alleged that on February 1, 1902, John R. Neely assumed the office of medical director of the Cook county institutions at Dunning, Illinois, and has drawn a salary therefor by virtue of an original examination held by the civil service commission of said county, whereas the examination should have been promotional, and that Neely was not eligible to a promotional examination. As to Helen S. Hay, the petition alleged that on February 1, 1902, she assumed the office of superintendent of nurses of said institutions, and has drawn a salary therefor by virtue of an original examination, when, under the law, the examination should have been promotional; that she was not eligible to a promotional examination, and that the examination was restricted to women, whereas it should have been open to both men and women. The petition then alleged that on August 4, 1902, the relator presented to defendant the two petitions in question, setting up these facts, for the purpose of having proceedings instituted to oust said John R. Neely and Helen S. Hay from the said positions, and demanded that defendant should sign said petitions, but defendant neglected and refused to do so. The error assigned is that the court erred in sustaining the demurrer to the petition, and rendering judgment against the relator for costs, and the only question presented by counsel for the respective parties is whether the official discretion of the State's attorney as to whether the proceeding should be instituted or not can be controlled by *mandamus*.

The statute provides for appeals and writs of error in cases of this kind to be taken and prosecuted in the same manner, upon the same terms and with like effect as in other civil cases. (Hurd's Stat. 1899, p. 1136). We have found no question in the case which would give us juris-

diction upon a writ of error sued out to the circuit court. If it could be said that the title to an office was in any way involved, an office is not a franchise.

Finding no ground for the exercise of jurisdiction, the writ of error is dismissed.     *Writ dismissed.*