THE COMMISSIONERS OF HIGHWAYS OF TOWN OF TAMPICO, Appellee, *vs.* THE DRAINAGE COMMISSIONERS OF DISTRICT No. 2, ETC., Appellant.

*Opinion filed December 17, 1912.*

1. APPEALS AND ERRORS—*appeals in mandamus are controlled by laws governing other civil cases.* Appeals and writs of error in *mandamus* cases are to be prosecuted in Illinois in the same manner, on the same terms and with like effect as in other civil cases.

2. SAME—*when appeal in mandamus lies to Appellate Court.* An appeal from a judgment in a *mandamus* proceeding brought by highway commissioners to compel drainage commissioners to build a bridge, and, if necessary, to levy a tax to raise a fund for that purpose, should be taken to the Appellate Court, where neither the validity of a statute, a franchise, a freehold nor the revenue is involved, the question being whether the petitioner or the respondent is charged with the duty of building the bridge.

APPEAL from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding.

CARL E. SHELDON, and WILLIAM GRAHAM, for appellant.

HENRY C. WARD, for appellee.

Per CURIAM: This was a petition filed by the appellee in the circuit court of Whiteside county to coerce the appellant to build a bridge across one of the drainage ditches of Drainage District No. 2 of Tampico and Hahnaman townships at a point where its ditch crosses one of the highways of the township of Tampico, and, if necessary, to levy a tax to provide a fund for that purpose. An answer and certain pleas were filed, which averred that the drainage ditch sought to be bridged was a natural watercourse which crossed said highway and which had been enlarged by the drainage district, and it was also averred that the old bridge at the point where the enlarged drainage ditch crossed the highway was removed by the highway commissioners and not by the drainage commissioners, and that the duty devolved upon the township, instead of the drainage district, to bridge said drainage ditch. There was a trial before the court without a jury and a finding and judgment in favor of the petitioner, and the drainage district has prosecuted an appeal to this court.

Appeals and writs of error in *mandamus* cases are to be prosecuted in this State in the same manner, upon the same terms and with like effect as other civil cases. (*People* v. *Deneen,* 201 Ill. 452.) The validity of a statute, a franchise, a freehold or the revenue is not involved in this litigation, and the appeal should therefore have been prosecuted to the Appellate Court in the first instance.

The clerk of this court will transmit to the clerk of the Appellate Court for the Second District the record and files in this cause.                    *Cause transferred.*