(No. 13200.—Cause transferred.)

The People ex rel. Road District No. 5 et al. Appellees, vs. The Cache River Drainage District et al. Appellants.

Opinion filed April 21, 1920.

Appeals and errors—*appeal from judgment awarding writ of mandamus to compel drainage commissioners to build bridge should be taken to Appellate Court.* An appeal from a judgment of the circuit court awarding a writ of *mandamus* to compel drainage commissioners to build and maintain a bridge where the drainage ditch crosses a public highway should be prosecuted from the trial court to the Appellate Court. (*Highway Comrs.* v. *Drainage Comrs.* 257 Ill. 25, followed.)

Appeal from the Circuit Court of Pulaski county; the Hon. D. T. Hartwell, Judge, presiding.

Courtney, Helm & Helm, for appellants.

C. S. Miller, for appellees.

Per Curiam: This is an appeal from a judgment of the circuit court of Pulaski county sustaining a demurrer to pleas to a petition for a writ of *mandamus* and awarding the writ. The petition was filed on the relation of a number of owners of land in Pulaski county near a public highway which was crossed by one of the ditches of the Cache River Drainage District, to compel the drainage commissioners to construct and maintain a bridge across said ditch where it intersects the highway. The drainage commissioners filed pleas to the petition, to all of which the court sustained a demurrer, and defendants electing to abide by their pleas, the peremptory writ of *mandamus* was awarded.

None of the pleas raised any constitutional question nor any question of a freehold, franchise or the revenue. Appellees challenge the jurisdiction of this court to entertain the appeal. This court held in *Highway Comrs.* v. *Drainage Comrs.* 257 Ill. 25, that an appeal from a judgment in a *mandamus* case brought by commissioners of highways

against commissioners of a drainage district for a writ of *mandamus* to compel them to build a bridge where the drainage district ditch intersected a public highway, and, if necessary, to levy a tax for that purpose, involved neither the validity of a statute, a freehold, a franchise or the revenue, and that an appeal in such case should be prosecuted from the trial court to the Appellate Court.

This case will therefore be transferred to the Appellate Court for the Fourth District, and the clerk of this court is directed to transmit to the clerk of that court the record and files.                                    *Cause transferred.*