THE PEOPLE *ex rel.* Sibert Kurtz, Highway Commissioner, Appellee, *vs.* LAYO W. MEYER *et al.* Appellants.

*Opinion filed December 21, 1927.*

1. APPEALS AND ERRORS—*construction of statute does not, alone, raise constitutional question.* To warrant a direct appeal to the Supreme Court it is not sufficient that the construction or application of a statute is involved but the validity of the statute or the construction of some provision of the constitution must be involved, and the mere contention that a statute, if construed in a certain way, will result in a judgment in conflict with the constitutional rights of a litigant is not sufficient, as the Supreme Court cannot assume that the Appellate Court will render a judgment in conflict with the rights of a litigant.

2. SAME—*what necessary to warrant direct appeal on constitutional grounds.* Before the Supreme Court will take jurisdiction on the ground that a constitutional question is involved it must appear from the record that a fairly debatable constitutional question of the character mentioned in the Practice act was urged in the lower court, the ruling on which is preserved in the record for review and error assigned thereon.

3. SAME—*appeals and writs of error are the same in mandamus as in other civil cases.* Appeals and writs of error in *mandamus* cases are to be prosecuted in the same manner, upon the same terms and with like effect as in other civil cases.

4. HIGHWAYS—*appeal from mandamus order to compel drainage district to repair bridge cannot be taken directly to Supreme Court.* A direct appeal does not lie to review a judgment award-

ing a highway commissioner a writ of *mandamus* to compel a drainage district to repair a bridge which it has constructed over its ditch across a public highway, where neither the construction of the constitution, the validity of a statute, a franchise, a freehold nor the revenue is involved.

APPEAL from the Circuit Court of Pike county; the Hon. GUY R. WILLIAMS, Judge, presiding.

PAUL F. GROTE, (WILLIAM and BARRY MUMFORD, of counsel,) for appellants.

WILLIAMS & WILLIAMS, for appellee.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Sibert Kurtz, commissioner of highways of Cincinnati township, Pike county, in the name of the People of the State of Illinois upon his relation, filed his petition in the circuit court of Pike county for a writ of *mandamus* against appellants. The petitioner alleged his official position, the organization of Sny Island Levee Drainage District under the Levee act in 1880, and the organization of Hadley Creek sub-district thereof; that appellants are the duly appointed, qualified and acting commissioners of said district and sub-district, and that after the organization of the sub-district the then commissioners thereof caused to be made and excavated a large drainage ditch of the width of forty feet and the depth of eight feet, with levees twelve feet high on each side thereof, over and across a public highway in the town of Cincinnati, at a point where theretofore there was no channel, depression or water-course, and that thereafter they restored the highway to a condition suitable to public travel by constructing approaches of earth, a wooden trestlework 220 feet in length on the east side and 40 feet in length on the west side of the drainage ditch, and an iron bridge over the ditch; that the flooring upon the bridge and trestlework is of oak boards,

and that it has rotted and decayed to such an extent as to render the same unsafe and dangerous to public travel, and that although the commissioners of the sub-district had repeatedly been asked to repair the same and render it safe for public travel they neglected to do so, and as a result of such neglect the traveling public have been forced to abandon the use of the bridge and highway and detour for a great distance in order to cross the drainage ditch. The petition prayed for a writ of *mandamus* commanding appellants to proceed to repair the trestlework and bridge and place the same in safe condition and suitable for public travel. A demurrer filed to this petition was overruled, and appellants electing to stand by their demurrer, the writ was awarded. This appeal followed.

The only question involved in this case is whether, when a drainage district organized under the Levee act excavates a channel across an established public highway, thereby temporarily destroying a segment of such highway at a point not in the line of a natural channel, depression or water-course, and thereafter restores such highway to its former condition of usefulness and efficiency by the construction over the cut of a good and sufficient bridge and approaches thereto, such drainage district has done all that is required of it in respect to such highway, or is it still continuously bound to repair and mend such bridge whenever it shall become impaired and unsafe for use by the action of the elements.

While the determination of this question involves the construction of sections of the statute, among them section 55 of the Levee act, neither party contends that any one of these sections, as it now stands, is invalid or unconstitutional. It is, however, contended that if a certain construction be placed thereon such construction will result in a judgment in conflict with the constitutional rights of a litigant. Without in anywise intimating or holding that such construction would have such effect, suffice it to say

that we cannot assume that the Appellate Court will render a judgment in conflict with the litigant's rights. Such contention raises no constitutional question within the meaning of the Practice act. (*Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44.) To warrant an appeal direct from the lower court to this court it is not sufficient that the construction of a statute or its application is involved, but the validity of the statute or the construction of some provision of the constitution must be involved. (*People* v. *Cermak,* 317 Ill. 590; *People* v. *Pettow,* 320 id. 572; *Miller* v. *Illinois Central Railroad Co.* 327 id. 103.) Before this court will take jurisdiction on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question of the character mentioned in the Practice act was urged in the lower court, the ruling on which is reserved in the record for review and error assigned thereon in this court. (*Griveau* v. *South Chicago City Railway Co.* 213 Ill. 633; *Cooper* v. *Palais Royal Theatre Co. supra.*) In this case neither the validity of a statute nor the construction of the constitution is involved by reason of the pleadings or any assignment of error.

Appeals and writs of error in *mandamus* cases are to be prosecuted in this State in the same manner, upon the same terms and with like effect as in other civil cases. (*People* v. *Deneen,* 201 Ill. 452.) Neither a construction of the constitution, the validity of a statute, a franchise, a freehold nor the revenue is involved in this litigation, and the appeal should therefore have been prosecuted to the Appellate Court for the Third District. See *Highway Comrs.* v. *Drainage Comrs.* 257 Ill. 25, and *People* v. *Cache River Drainage District,* 292 id. 467, where a similar ruling was made.

The appeal is therefore transferred to the Appellate Court for the Third District.          *Cause transferred.*