(No. 24947.—)

THE PEOPLE *ex rel.* Charles DeLeuw & Company, Appellee,
*vs.* THE VILLAGE OF MIDLOTHIAN, Appellant.

*Opinion filed December 20, 1938.*

PAUL T. KLENK, (FRANKLIN W. KLEIN, of counsel,)
for appellant.

LANGWORTHY, STEVENS & BARTLIT, (B. F. LANG-
WORTHY, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Charles De Leuw & Company, a corporation, filed its
petition in the circuit court of Cook county, for a writ of
*mandamus* to compel the village of Midlothian to pay the
petitioner the amount of certain judgments in its favor
against the village, or to appropriate any surplus in the

general fund, after providing for the most economical expenses of the village, to the payment of such judgments; to require the village authorities to levy the maximum amount of tax authorized by law and use any surplus over reasonable expenses in paying such judgments, or that such village authorities adopt an ordinance for a bond issue sufficient to pay the judgments and levy taxes to pay such bonds. The trial court ordered the writ to issue commanding the village authorities to issue such bonds and deliver them to petitioner and to levy taxes for their payment. The village has prosecuted an appeal directly to this court.

The grounds urged for reversal are that the trial court erred in denying a change of venue; in refusing to hear evidence in support of defendant's answer; in entering the order, and in denying defendant's motion to vacate the order.

Neither a franchise, a freehold, the validity of a statute, nor a construction of the constitution is involved. The State is not interested in the outcome of the proceedings, and the controversy does not relate to the revenue within the meaning of section 75 of the Civil Practice act. (Ill. Rev. Stat. 1937, chap. 110, par. 199.) The question of revenue can be at issue only when some recognized authority of the State, or some of its political subdivisions authorized by law to assess or collect taxes, are attempting to proceed under the law, and questions arise between them and those from whom the taxes are demanded. (*City of Chicago*, v. *McDonough*, 351 Ill. 200; *People* v. *Cermak*, 317 id. 590; *People* v. *Turnbull*, 256 id. 532.) Thus, in *People* v. *Turnbull, supra,* on an appeal from a judgment ordering a writ of *mandamus* requiring municipal authorities to levy a tax to maintain a free library, we held no such question was at issue and the revenue was not directly involved. In *Commissioners of Highways* v. *Drainage Comrs.* 257 Ill. 25, and in *Knight* v. *Partridge Drainage District,* 259 id. 63, we held that no question of revenue

was involved in a *mandamus* proceeding to compel the building of a bridge, and, if necessary, to impose a tax to raise a fund for that purpose.

We have definitely held that in order to give this court jurisdiction of a direct appeal the cause must directly relate to the revenue and not merely incidentally or remotely. (*City of Chicago* v. *McDonough, supra; People* v. *Cermak, supra.*) Our original jurisdiction in *mandamus* proceedings does not change the rule. Appellate jurisdiction in such cases is governed by the provisions of section 75 of the Civil Practice act. (*People* v. *Meyer,* 328 Ill. 122; *People* v. *McCullough,* 239 id. 552.) The cause, here, is not between a taxing body and any one from whom the tax is demanded.

This court has no jurisdiction of the appeal, and the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*