(No. 24982.—

JOSEPH POLLACK, Appellant, *vs.* THE COUNTY OF DUPAGE *et al.* Appellees.

*Opinion filed February 20, 1939—Rehearing denied April 16, 1939.*

LEONARD C. MEAD, and EVA R. POLLACK, for appellant.

RUSSELL W. KEENEY, State's Attorney, (JOEL BAKER, WILLIAM E. HOOPER, and LEE E. DANIELS, of counsel,) for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Joseph Pollack was a tenant in possession of lot 4 in Branigar Brothers' Ogden Avenue Farms, a subdivision of section 6, township 38 north, range 11, east of the third principal meridian, in DuPage county. Since April 1, 1932, he has been engaged in the business of wrecking old automobiles and selling the parts and accessories so obtained. The lot in question was used for this purpose. He claimed to be the owner of adjoining lot 5 in the same subdivision, and

claimed that lot 5 had also been used in the business in which he was engaged prior to the enactment of a zoning ordinance referred to in the complaint which he filed on May 21, 1937. Lot No. 4 is zoned for industrial purposes. Lot No. 5 is zoned as class "B" residence property. Pollack sought an injunction against DuPage county and Harold P. Dunton, individually and as chairman of the committee on subdivision, plats and zoning of the board of supervisors of that county, to restrain the enforcement of the ordinance in question. Pollack alleged his ownership of lot 5 and recited how he derived title thereto and that he had conducted the business in which he was engaged, using both lots for the storage of automobiles and parts, and that prior to acquiring title to lot 5 he had been in open, notorious and exclusive possession thereof as a tenant for upwards of two years prior to April 16, 1937, and continued to remain in possession thereafter. The complaint set forth the character of the use of other property on Ogden avenue in the neighborhood of the two lots mentioned; that Pollack, during the years 1934, 1935, 1936 and 1937, had been licensed under the provisions of the Uniform Motor Vehicle Anti-Theft act to carry on his business; that on June 28, 1935, the General Assembly of this State passed an act in relation to county zoning, applicable to territory in counties outside the limits of cities, villages and incorporated towns, and that pursuant to the act the board of supervisors of DuPage county appointed a zoning commission to hold hearings and prepare an ordinance for the county, and that such an ordinance was prepared and adopted by the board of supervisors; that there were certain defects in the proceedings preliminary to the adoption of the ordinance, and that the ordinance is invalid.

The county filed an answer and denied that the plaintiff had been in the open, notorious and exclusive possession of lot 5 during all the time mentioned in the complaint but averred the lot had been vacant and unoccupied, with the

exception that there were a few wrecked automobiles on the rear of the lot. The answer admitted that there was a defect in the form of a notice attached to an affidavit filed in the proceedings, but averred that notices as to a hearing upon the zoning ordinance, as required by statute, were posted in the proper township, and denied that the ordinance is invalid. Evidence was introduced by both parties upon the negotiations for the purchase of lot 5 and of facts relative to its ownership, the use made of the lots and the use of the surrounding land on Ogden avenue in the vicinity of lots 4 and 5, and by stipulation of the parties the ordinance was introduced, without objection. The ordinance provides for the division of the county into districts, regulates and restricts the location and use of buildings, structures and land for trade, industry, residences and other uses within the district. After all the evidence had been presented the chancellor dismissed the bill for want of equity. The plaintiff has appealed directly to this court on the theory that constitutional questions are involved.

There was no certificate by the trial court that the validity of an ordinance was involved and that in its opinion the public interest required the appeal to be taken directly to this court. The allegations of the complaint and the answer of the county were sufficient upon which to predicate evidence which would require a ruling of the chancellor upon the validity of the ordinance but no such ruling was obtained. As heretofore stated, when the ordinance was offered in evidence there was no objection made to its admission and during the course of the trial there was no objection to any evidence, nor was any question presented which required the court to pass upon any constitutional question. There was no admission that any part of the proceedings was fatally defective and no evidence was offered upon the question of notices, publication or other matter of procedure, and the trial court did not pass on any such question. It is contended that because the plead-

ings raised constitutional questions, when the court found in its decree that the plaintiff "has not maintained the allegations in his complaint contained" the court passed upon the validity of the ordinance which was questioned in the complaint. It does not follow that the court, by such recitation, passed upon a constitutional question. The plaintiff did not acquire title to lot 5 until 1937. The zoning ordinance was adopted in 1935. Evidence upon facts relating to the acquisition of lot 5 and the use of that and other land was introduced and was in conflict. The court heard all the evidence and dismissed the complaint for want of equity.

Where no question is raised in the circuit court as to the validity of an ordinance and the record contains no certificate of the trial judge that in his opinion the public interest requires the appeal to be taken to this court, we have no jurisdiction of the appeal. (*City of Wheaton* v. *Howard,* 358 Ill. 432.) It is not sufficient to confer jurisdiction on this court for the pleadings to allege the violation of some constitutional provision by a statute or ordinance, or for such charge to be made in the argument, but the record must affirmatively disclose that the constitutional question was not only presented in the trial court for decision but was passed upon by it. *Ryan* v. *City of Chicago,* 363 Ill. 607.

The plaintiff cites the case of *United Artists Corp.* v. *Thompson,* 339 Ill. 595, in support of his contention that in the present case the constitutional question was sufficiently presented by the pleadings and evidence without a direct ruling of the court on such question. The record in that case discloses that the chancellor directly passed upon the validity of a municipal ordinance and granted a certificate reciting that the validity of a municipal ordinance was involved and that the appeal should be direct to the Supreme Court. The opinion omitted to state that there was such a finding and certificate. The county contends that even if the trial court had certified that the validity of

an ordinance was involved it would not have aided the plaintiff as the ordinance was one adopted by a board of supervisors, and that such ordinances are not within the class of ordinances permitted to be certified. It is not necessary to decide that question as a constitutional question was not otherwise properly presented. The construction or application of a statute or ordinance does not present a constitutional question. *White* v. *Youngblood,* 367 Ill. 632; *Standard Motors Securities Corp.* v. *Yates Co.* 337 id. 250; *Cooper* v. *Palais Royal Theatre Co.* 320 id. 44.

This court is without jurisdiction to consider the appeal, and the cause is transferred to the Appellate Court for the Second District.                *Cause transferred.*