(No. 26186.—

THE HAWLEY PRODUCTS COMPANY, Appellant, *vs.* GEORGE S. MAY *et al.* Appellees.

*Opinion filed Sept. 15, 1941—Rehearing denied November 12, 1941.*

SEARS, O'BRIEN & STREIT, (BARNABAS F. SEARS, and EDWARD F. STREIT, of counsel,) for appellant.

McFARLAND, MORGAN & STEARNS, and CHARLES G. SEIDEL, (G. A. BURESH, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff, the Hawley Products Company, brought suit in the circuit court of Kane county against George S. May,

doing business as the George S. May Company, and George S. May, Inc., an Illinois corporation, to recover damages for an alleged breach of contract. The complaint alleged that plaintiff made a joint contract of employment with both defendants for services to be rendered by both and that defendants were guilty of a breach of that contract whereby the plaintiff suffered damages.

The answer of the defendant corporation denied any contractual relationship between it and the plaintiff, denied that it performed any work or that it was guilty of any breach of contract. The individual defendant May, admitted the contractual relationship and services rendered; alleged that the contract was made with him, only, and that the services were performed by him. His answer also alleged that there had been an account stated and an accord and satisfaction. He denied any breach of contract or injury to plaintiff. Subsequently, both defendants filed amended answers denying under oath their joint liability.

Plaintiff thereupon filed an affidavit alleging on information and belief that it believed, as a result of a confidential report, that the production of a certain lease executed between the defendants, and the further examination of George S. May, would prove that the defendants were, in fact, operating but one business; that there was no separate corporate entity and that their method of doing business was merely a subterfuge for the purpose of placing the assets of George S. May, doing business as the George S. May Company, beyond reach of creditors. Plaintiff prayed that defendants be ordered to produce such lease, and that George S. May appear before a notary public for adverse examination by the plaintiff concerning the relationship existing and which had existed between the defendants. Such an order was entered. The lease, however, was not produced and George S. May refused to divulge its contents on examination before a notary public.

Thereafter the plaintiff filed a petition for a rule upon defendants to show cause why they should not be punished

for contempt for failing and refusing to comply with the order of the court directing the production of the lease. Such an order was entered, and in reply thereto defendants filed a joint and several verified answer alleging that they had personal knowledge of the contents of the lease; that it did not contain any of the matters alleged in plaintiff's affidavit or matters material to the issue in the cause before the court; that the allegations in plaintiff's affidavit were not sufficient to authorize the order to produce the lease and that to require them to do so would be a violation of their constitutional rights against unlawful search and seizure. They prayed that they be purged of contempt and that the rule to show cause be discharged. Upon hearing, the court entered an order purging defendants of contempt and discharging the rule. Plaintiff has appealed from that ruling.

Defendants have moved to dismiss the appeal, or, in the alternative, to transfer the cause to the Appellate Court. Plaintiff, in answer to that motion, urges that because defendants contended in their answer to the rule to show cause that if they were forced to produce the lease they would be deprived of certain constitutional rights, a constitutional question was presented, and gave this court jurisdiction on direct appeal.

This court has frequently stated that before it will take jurisdiction of an appeal on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question was urged in the trial court, was ruled upon and the ruling thereon preserved in the record for review and assigned as error here. (*Economy Dairy Co.* v. *Kerner*, 371 Ill. 261; *Foreman-State Nat. Bank* v. *Sistek*, 358 id. 525; *Cooper* v. *Palais Royal Theatre Co.* 320 id. 44.) An examination of the record discloses that the court, in this case, did not base its order, by which it purged defendants of contempt, on the ground of a violation or the construction of any provision of the constitution, but rather on the ground that

the pleadings filed and affidavits presented in the contempt proceeding were not sufficient to justify a finding of contempt. The only issue thus presented by this appeal is the correctness of the court's decision. No debatable constitutional question arose on the trial, nor do any of the errors assigned by plaintiff on this appeal purport to urge reversal because of a constitutional question.

The position of plaintiff is that if the court had not purged defendants of contempt and had forced the production of the lease, then the question whether the constitutional rights of defendants had been violated would have arisen, and that this presents a constitutional question giving this court jurisdiction on this appeal. A constitutional question is not so presented as to give this court jurisdiction on direct appeal simply because a judgment or decree might have been entered that would have given defendants a right to rely on a constitutional question on appeal, and moreover, such an order is not before us. As we have seen, the record shows that the court's order was in nowise based upon a constitutional question but on the record made. A mere assertion that a constitutional question is involved, or a constitutional right invaded, is not of itself sufficient to confer jurisdiction on direct appeal. (*Hawkins* v. *Hawkins,* 350 Ill. 227; *Economy Dairy Co.* v. *Kerner, supra.*) The only issue involved, here, is the correctness of the order of the court in purging defendants of contempt on the basis of the matters pleaded. A constitutional question is not presented.

The cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*