(No. 30375.
THE PEOPLE *ex rel.* Zada Templeton *et al.*, Appellants, *vs.* THE BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT No. 201 *et al.*, Appellees.

*Opinion filed January 22, 1948.*

JOHN LIGTENBERG, of Chicago, for appellants.

JAMES C. SOPER, (RICHARD F. MCPARTLIN, JR., of counsel,) both of Chicago, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The appellants, Zada T. Templeton, Meryl Haberman, Maureen Lang, and Jeannette Eppley, together with one Grace Blixt Nyvall, who withdrew from the case before final judgment, as relators, filed a complaint in the superior court of Cook county in the name of the People of the State of Illinois, praying for a writ of *mandamus* to reinstate them to their positions as teachers at the J. Sterling Morton High School, place them on the payroll and pay their salaries. The defendants, who were the board of education maintaining and operating said school and the president and members of such board, filed a motion to strike the complaint, which motion was denied. The defendants then answered the complaint. The relators filed a motion to strike the answer, and after a hearing thereon, the complaint was by the court dismissed.

The complaint alleged that each of the relators was a full-time teacher at such school and had entered upon contractual continued service under the provisions of article 24 of the School Code of Illinois, each of them having served as a probationary teacher for a period of two years; that they each held contracts to teach for all the years of their employment and held contracts with the defendant board for the last year of their respective probationary period and for the school year which closed on June 7, 1946, and that they continued to teach until the close of the school year on that date. The form of the contracts, which were all alike, is set forth in the complaint.

The complaint sets forth that each of the relators was married during their employment as teachers and charges that on March 29, 1946, the superintendent of schools of the district sent each of them a letter stating that after considering the matter very carefully, the board had voted unanimously to keep to its original policy that women who became married may serve two years after their marriage and then retire. The letter further stated: "During the war years this rule was held in abeyance, but it is hereby reinstated; and so in accordance with the board's instructions you will not be offered a contract to teach at Morton for the next school years."

The complaint avers that the relators, on April 6, 1946, each served upon the board of education a written request for a hearing by the board on the notice of dismissal dated March 29, 1946, but that no hearing was ever given to them, and that on June 10, 1946, they each served upon the board and upon the president and each member thereof a written demand that the "purported notice of dismissal" be withdrawn by official action of the board and the relators given official notice of such withdrawal, and that they be permitted to continue as teachers at the opening of the next following school year in September, 1946, which de-

mand the defendants refused and still refuse to comply with; that there is no provision in the contracts of the relators providing for the termination thereof in the event of marriage; that the rules of the defendant board have not been published, and that the defendant board has never given notice to any of the relators of any validly adopted rule providing for the removal or dismissal of women teachers in the event of their marriage; that no provision of the School Code of Illinois and no statute of the State of Illinois authorizes the defendant board to dismiss or remove women teachers in the event of their marriage, and that the attempted termination of the contractual continued service of the relators violates the rights of the relators under section 2 of article II of the Illinois constitution and the first section of the fourteenth amendment to the constitution of the United States.

The reasons assigned by the defendants in the motion to strike the complaint were (1) that the court did not have jurisdiction in an action of *mandamus,* but that the relators' cause of action, if any, could be maintained only by a writ of *certiorari,* and (2) that the complaint admitted that the term of the teachers' contract had been fulfilled, admitted a rule of the board whereby a new contract could not be offered to a teacher for a period longer than two years after her marriage, admitted that the board held the rule in abeyance during the war period and immediately after the war reinstituted the same, and that therefore the relators were not qualified for a new contract after the existing contract had ended by its own terms.

The answer, which was filed by defendants after their motion to strike the complaint had been denied, admitted that the relators were regularly employed full-time teachers prior to June 7, 1946, but denies that they were so employed after that date. The answer admits that the relators held written contracts to teach for all the year of

their employment and that they each held a written contract to teach for the school year which closed on June 6, 1946. The answer also contained a series of excerpts from the records of the defendant board, showing that on April 21, 1936, the board had adopted a policy that "new women applicants who are married are not to be employed, but that a normal leniency be shown to those now employed not to exceed two years after the current year," that on December 16, 1938, this policy was discussed and reaffirmed by the board, that on March 29, 1943, the board voted by unanimous agreement to hold in abeyance during the war the rule limiting the tenure of married women teachers to two years, that on June 26, 1945, the board discussed and affirmed its policy in regard to married women teachers and decided to serve notice that at the close of the war the policy of retaining married women only two years after marriage would be enforced, and that on March 28, 1946, at a special session called to hear the married women teachers, who had requested the privilege of meeting with the board, the relators were present and each gave reasons why she should be allowed to continue on the faculty of the school, and after the teachers had left the meeting, the board reiterated its policy in regard to married teachers and requested the superintendent to send letters of notification to the relators. The answer admits the written request of relators for a hearing and their written demand to be reinstated as teachers. It denies that the relators were removed or dismissed, but states that because of their marriage, they were, in accordance with the rules of the board, simply not hired, and that the notice to them of March 28, 1946, was not a notice of removal or dismissal, but was a notice that the relators did not qualify under the rules and regulations of the defendant board. The defendants by the answer deny violating any constitutional, statutory or contractual rights of the relators and deny violating any rights of the relators as teachers having con-

tractual continued service under the School Code of Illinois.

The relators' motion to strike the defendants' answer sets up that the answer pleads no facts constituting a defense, that it alleges facts constituting an admission of the facts alleged in the complaint and shows on its face that the allegations of the complaint are true and that the relators are entitled to judgment and a writ of *mandamus* as prayed in the complaint, that the answer admits that the defendants, in dismissing relators, did not comply with the provisions of article 24 of the School Code, that the answer fails to show the existence of a rule authorizing discharge of relators without compliance with the School Code, and shows affirmatively that the relators never received the statutory hearing to which they were entitled. The motion also charges that the purported rule of defendant board in regard to married women teachers is beyond the power of the board to adopt and is a violation of the constitutional, statutory and contractual rights of the relators and a violation of the public policy of Illinois.

The judgment of the court from which this appeal is taken sets up that the cause coming on to be heard on the motion of the relators to strike the answer of the respondents to the complaint for writ of *mandamus,* and the court having considered the same and heard the arguments of the respective counsel for the parties to the cause, and it appearing to the court that the question of whether or not the relators have had a hearing under article 24 of the School Code of Illinois cannot be determined without the production of the records of the respondent board of education which the court finds cannot be done by a writ of *mandamus* but requires the intervention of a writ of *certiorari,* it is therefore ordered that the complaint for writ of *mandamus* be and it is dismissed at relators' cost.

The appellees have filed in this court a motion to dismiss the appeal, or, in the alternative, to transfer the cause to the Appellate Court. This motion was taken with the

case, and, since it attacks the jurisdiction of this court, must be given our first attention.

The claim is made that this court has jurisdiction of this case on direct appeal because a constitutional question is involved. Appellants' theory is that the enforcement of the purported rule of the defendant board of education in regard to terminating the contractual continued service of married women teachers deprives them of their constitutional rights. The established rule, which needs no citation of authorities, is that to warrant a direct appeal on the ground that a constitutional question is involved, the record must affirmatively disclose that the constitutional question was not only presented in the trial court for decision, but was passed upon by it, and that even though the constitutional question was raised in the trial court, if a final judgment was rendered on other issues, no constitutional question is presented for review on appeal to this court. (*Jenisek* v. *Riggs*, 381 Ill. 290; *Hawley Products Co.* v. *May*, 377 Ill. 506; *Grutzius* v. *Armour and Co.* 377 Ill. 447; *Shilvock* v. *Retirement Board*, 375 Ill. 68; *Ryan* v. *City of Chicago*, 363 Ill. 607.) The determination of the constitutional question in the form of a ruling thereon by the trial court must appear in the record and the ruling thus shown must be the thing or one of the things relied upon for reversal of the judgment. (*Hillmer* v. *Chicago Bank of Commerce*, 378 Ill. 449.) It is not sufficient to confer jurisdiction on this court on direct appeal that the pleadings raise constitutional questions. *Pollack* v. *County of Du Page*, 371 Ill. 199.

The order of the trial court in this case expressly recites, in substance, that the complaint is dismissed because, in the opinion of the court the question whether or not the relators have had a hearing under article 24 of the School Code cannot be determined in an action of *mandamus*, but requires the intervention of a writ of *certiorari*. It is apparent upon the face of the order that the court

dismissed the complaint solely because, in the opinion of the court, the relators had mistaken their remedy and that the only question determined by the court was the propriety of the form of action. Counsel argue that there is necessarily involved in this decision a determination by the court that the relators did not have, on the admitted facts, the constitutional rights they claimed. It does not follow that the court, by holding that the proper remedy for relators was *certiorari* and not *mandamus,* passed upon a constitutional question. It cannot be argued that if the court had held that *mandamus* was a proper remedy, then the question whether the constitutional rights of relators had been violated would have arisen, and that this presents a constitutional question giving this court jurisdiction on this appeal. A constitutional question is not so presented as to give this court jurisdiction on direct appeal simply because a judgment or decree might have been entered that would have given appellants a right to rely on a constitutional question on appeal. (*Hawley Products Co.* v. *May,* 377 Ill. 506.) Appellants contend that there is necessarily involved in the case the question whether the construction placed by defendants upon the Teachers' Tenure Law violates the relators' constitutional rights, and that this question gives jurisdiction to this court on direct appeal. The construction or application of a statute does not present a constitutional question so as to authorize a direct appeal to this court. (*People ex rel. Kurtz* v. *Meyer,* 328 Ill. 122; *Pollack* v. *County of Du Page,* 371 Ill. 199.) Furthermore, this court will never assume that the Appellate Court will render a judgment in conflict with a litigant's constitutional rights. *People ex rel. Kurtz* v. *Meyer,* 328 Ill. 122.

For the reason that it affirmatively appears from the record in this case that no constitutional question was passed upon by the trial court, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*