(No. 30516.—)

The Ray Schools-Chicago, Inc., Appellee, *vs.* The City of Chicago, Appellant.

*Opinion filed September 24, 1948.*

Benjamin S. Adamowski, Corporation Counsel, and L. Louis Karton, (L. Edward Hart, Jr., Charles O. Parker, and Edward McCausland, of counsel,) all of Chicago, for appellant.

Edward P. McKeown, James C. O'Brien and Raymond J. Boland, all of Chicago, for appellee.

Mr. Chief Justice Fulton delivered the opinion of the court:

This is an appeal by the city of Chicago from an order of the circuit court of Cook County permitting the plaintiff to use property owned by it at 1551 North Astor Street, Chicago, for school purposes, directing the city of Chicago to issue any and all permits to which the plaintiff would be entitled under the building regulations of Chicago for the purpose of remodeling the property to adapt the same for school purposes and enjoining the city of Chicago and its officials from enforcing that portion of the Chicago zoning ordinance insofar as it prohibits the plaintiff from using the property in question for the purpose of operating a school of the type presently operated by plaintiff.

The complaint for declaratory judgment filed by plaintiff alleged that it was a corporation organized not for profit, that it has been engaged for more than a quarter of a century as a school offering specific courses in commercial art, advertising, photography, dress designing, merchandising and modeling and that on April 30, 1947, it purchased this property on North Astor Street located at the southeast corner of Astor Street and North Avenue which property has a frontage of 50 feet on Astor Street and a frontage of 120 feet on North Avenue. It also alleged that the real estate was improved with a four-story building built in 1914 and designed for use as a single family dwelling containing 25 rooms, 7 baths and 5 lavatories, together with a two-story garage and an apartment above. The complaint also alleged that the property had been zoned as a residence district under the original zoning ordinance of 1923 and that under that zoning ordinance property in residential areas could be used by universities, colleges, public or private schools and music schools. It was then alleged that in 1942 the city council passed a comprehensive amendment to the zoning ordinance which redistricted the city into nine use districts and that this property was included in a single family residence district and that the authorities of the city construed the 1942 amendment as prohibiting the plaintiff from using this property for school purposes other than a grade or high school. It was also alleged that the amendment of 1942, if construed so as to prohibit use of the property as a private school not operated for pecuniary profit, resulted in a denial to the plaintiff of the equal protection of the laws, and resulted in the deprivation of plaintiff's property without due process of law contrary to the State and Federal constitutions. The plaintiff prayed that the court would declare the zoning ordinance, as amended, unconstitutional as it affected the plaintiff's property to the extent that it prohibits the use of said property for the purpose sought. The plaintiff also asked

that the court declare that the property may be lawfully used for any use permitted in an apartment house district.

In a second count of the complaint the plaintiff set forth that it had requested the building commissioner to inspect the premises for the purpose of ascertaining the respects in which said building would have to be remodeled in order to comply with the regulations of the building code of Chicago relating to educational institutions and it was alleged that the commissioner had disapproved the application on the ground that said improvement did not conform with the zoning ordinance of Chicago because said premises could not lawfully be used as an educational institution under the existing zoning ordinance. In this count of the complaint the plaintiff asked that the court enter an order finding that the plaintiff was engaged in the maintenance and operation of a grade and high school where no living quarters were maintained.

The answer of the defendant stated that the type of school operated by the plaintiff is one which is vocational in character and could not be construed as a grade or high school. The answer also asserted the validity of the ordinance and asserted that under the ordinance a school of this type was not authorized in a residence district of this type.

A hearing was had, and on July 15, 1947, a judgment was entered finding that the plaintiff had the lawful right to use the property for school purposes of the type and character now engaged in by the plaintiff. The order found generally that the plaintiff had proved the allegations alleged in both counts of the complaint. The order also directed that the city cause to be issued any and all permits to which the plaintiff would be entitled under the municipal building regulations for the purpose of reconstructing, remodeling or repairing the property to adapt it for school purposes of the type and character engaged in by the plaintiff. The order also enjoined the city and its officers from

enforcing the zoning ordinance insofar as it purports to prohibit the plaintiff from using the property for school purposes of the type and character engaged in by the plaintiff and discussed in the complaint.

Notice of appeal was filed on behalf of the city and notice of cross appeal was filed on behalf of the plaintiff. Both parties appear to be somewhat uncertain as to just what the trial court held by the order of July 15, 1947. The city contends that the court erred in finding section 5 of the zoning ordinance invalid insofar as it prohibited a school of the type ordinarily operated by the plaintiff on these premises. The city also contends that, if the court did not hold the ordinance invalid, the court erred in finding that a school of this type operated by the plaintiff was a permitted use of the premises in question under the zoning ordinance. The plaintiff in its cross appeal contends that the court should have ordered that the zoning ordinance, insofar as it zones plaintiff's property for a family residence use, is invalid insofar as it purports to prohibit the use of plaintiff's property for apartment house purposes. The plaintiff also contends that the court should have made a finding that the property owned by plaintiff may be lawfully used for any use permitted in an apartment house district, as provided by section 8 of the zoning ordinance.

It appears from a careful study of the record in this case that the plaintiff bought the premises known as 1551 North Astor Street, Chicago, on April 30, 1947, for the sum of $65,000. The premises are improved with a large gray stone house containing 25 rooms, 7 baths, automatic elevator, air-conditioning units and the modern equipment for a very high-class home. Under the zoning ordinance of April 5, 1923, the premises had been zoned as a residential district. On December 23, 1942, in the course of a general amendment of the various types of use districts, the zoning ordinance was amended to zone these premises as a single-family residence. It further appears that the

plaintiff is a corporation incorporated under the laws of Illinois not for pecuniary profit and has operated a school at 116 South Michigan Avenue, Chicago, since about 1915. It appears that the curricula of the school, as demonstrated from the catalogue introduced as evidence and from the testimony, consists of courses in fashion, art, interior decoration, photography, display, merchandising and advertising.

The record clearly indicates that the particular portion adjoining Astor Street upon which these premises are situated is the only section zoned for single-family residence use in the area from Roosevelt Road on the south to North Avenue on the north and from the lake on the east to Western Avenue on the west, an area comprising approximately twelve square miles. It further appears that the property located immediately to the east of this property and separated only by a 15-foot alleyway is zoned for apartment house use. The property immediately to the west of plaintiff's property and separated by a 20-foot street is likewise zoned for apartment house use. This portion of plaintiff's property which has a frontage on North Avenue is the only piece of property on North Avenue zoned for single-family residence use for a distance of over nine miles. Testimony shows that there is literally no demand for buildings, such as the one in question, to be used solely as single-family residences and that the street in question is not a quiet residential street but is a main thoroughfare with considerable traffic thereon. There is also testimony in the record indicating that the value of these premises for single-family residential use is between $50,000 and $60,000, while if the premises could be converted to a use permitted in an apartment district the property would be worth approximately $100,000.

The trial judge has made no certificate in this record that the validity of a municipal ordinance is involved and that the public interest requires an appeal to this court. The complaint questioned the validity of the zoning ordi-

nance as applied to these premises, but the order from which this appeal follows did not expressly find, order and declare that the zoning ordinance was invalid as applied to these premises. The trial judge before entering his formal order rendered an extensive oral opinion, and in this, opinion it is apparent that the judge did not intend to hold the ordinance unconstitutional or invalid. It appears that he desired to protect the neighboring property from a more onerous use than plaintiff's school and that it was his intention to leave the zoning of this property the same as it had previously been but merely to permit the use of the premises for school purposes by the plaintiff.

In view of the fact that the trial court has not certified that the validity of a municipal ordinance is involved and that the public interest requires an appeal direct to this court, and since the order from which the appeal and cross appeal are taken does not order and declare the zoning invalid but merely directs the city to permit the plaintiff to use said premises for educational purposes, we do not believe that a constitutional question is involved in this appeal. It is apparent from reading the record that the trial court did not intend to determine the constitutionality of the ordinance as applied to this property. (*Pollack* v. *County of Du Page,* 371 Ill. 199.) For the reasons stated in this opinion, we believe there is no constitutional question properly presented in this case and the record discloses no grounds which gives this court jurisdiction on a direct appeal. The cause is transferred to the Appellate Court for the First District.