John Grutzius, Appellant, v. Armour and Company of Delaware, Inc., Appellee.

Gen. No. 42,070.

Heard in the second division of this court for the first district at the June term, 1941. Opinion filed December 30, 1941. Rehearing denied January 20, 1942.

H. A. BARNHARDT, of Chicago, for appellant.

CHARLES J. FAULKNER, JR., WALTER C. KIRK and JOHN P. DOYLE, all of Chicago, for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

John Grutzius filed a second amended complaint against the defendant, Armour and Company of Delaware, Inc., to recover damages in the amount of $50,000 for permanent injuries to his health. Plaintiff's action was predicated upon section 3 of the Workmen's Occupational Diseases Act (ch. 48, par. 172.3, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 143.16(3)]). Defendant's motion to dismiss the second amended complaint was sustained and, plaintiff electing to stand on said complaint, judgment for costs was entered against

him and in favor of the defendant. An appeal was taken from the judgment directly to the Supreme Court, which, in transferring the appeal to this court, held (*Grutzius v. Armour & Co.*, 377 Ill. 447) that no constitutional question was reasonably involved and that it is the construction of the aforegoing section of the statute rather than its validity that is presented for determination on plaintiff's appeal.

So far as relevant, section 3 of the Workmen's Occupational Diseases Act provides:

"Where an employee in this State sustains injury to health or death by reason of a disease contracted or sustained in the course of the employment and proximately caused by the negligence of the employer, unless such employer shall have elected to provide and pay compensation as provided in Section 4 of this Act, a right of action shall accrue to the employee whose health has been so injured for any damages sustained thereby; . . . provided, that violation by any employer of any effective rule or rules made by the industrial commission pursuant to the Health and Safety Act, enacted by the Fifty-ninth General Assembly at the third special session, or violation by the employer of any statute of this State, intended for the protection of the health of employees, shall be and constitute negligence of the employer within the meaning of this section; . . ."

Plaintiff's complaint alleged substantially that on and for many years prior to September 1, 1937, he was employed by defendant in its fertilizer plant in Chicago Heights, Illinois; that his employment required him to work in each of the three principal divisions, rooms and buildings of the plant and that while so engaged he was exposed to the inhalation of deleterious gases, dusts and fumes; that since November 1, 1936, the effective date of the Workmen's Occupational Diseases Act, a statutory duty has rested upon defendant to use due and reasonable care for the

safety of the health of its employees, including himself; that, notwithstanding its duty in that regard, defendant from November 1, 1936, to and including November 28, 1939, negligently failed to prevent the appearance and diffusion of noxious gases, fumes and dusts and to provide adequate ventilation and other mechanical means for the purpose of exhausting the substances named; that as a direct result of being required to work under the conditions described, he contracted diseases of a progressive nature, namely, silicosis, pneumoconiosis and tuberculosis; that his condition eventually so disabled him that he was compelled to quit his employment on September 28, 1938; that during the time of his employment with defendant he was not guilty of any wilful or wanton conduct which contributed to his contraction of the aforesaid diseases; and that defendant did not at any time mentioned in the complaint avail himself of the compensation provisions of the statute.

The complaint further alleged that "on or before the said 28th day of September, 1938, the Industrial Commission made or published no rules pursuant to the Health and Safety Act, enacted by the 59th General Assembly at the Third Session as contemplated by the said Workmen's Occupational Disease Act. Neither was there any statute passed in the State of Illinois intended for the protection of the health of employees after the date of the passing of the Workmen's Occupational Disease Act and before or on the said 28th day of September, 1939."

Defendant's motion to dismiss the complaint is in part as follows: "(1) The plaintiff primarily bases his cause of action on Section 3 of the 'Workmen's Occupational Diseases Act' . . . but this section in and of itself does not sustain the plaintiff's alleged cause of action because:

"(a) The application of Section 3 is dependent upon a specific duty imposed upon the defendant by

some other statute of the State of Illinois or by an effective rule or rules made by the Industrial Commission pursuant to the Health and Safety Act of Illinois (Chapter 48, Sections 137.1, 137.3, 137.4 and 137.5 [Ill. Rev. Stat. 1939]), and

"(b) The breach by the defendant of the duty so imposed, and the Complaint does not allege any specific duty imposed upon the defendant and owed to the plaintiff by the defendant during the time mentioned in the complaint.

"(2) The Complaint in its entirety fails to allege the violation by the defendant of any statute 'intended for the protection of the health of employes' . . ., or the violation of 'any effective rule or rules made by the Industrial Commission pursuant to the Health and Safety Act' . . .; a violation of which statute or rule is expressly set forth in Section 3 of the Occupational Diseases Act, as constituting and defining 'negligence of the employer within the meaning of this section' . . . .

"(3) The Complaint does not charge that this defendant violated any duty imposed on it by the statutes mentioned in said Complaint, nor does it charge that plaintiff's disease and disability was proximately caused by the violation of any such duty.

"(4) It is not alleged and it cannot be reasonably inferred from the Complaint that the defendant violated the statute known as the 'Health and Safety Act,' in that the Complaint fails to allege that the Industrial Commission adopted any effective rule or rules applicable to the operations of this defendant, as set out in the Complaint, and that the defendant violated the aforesaid statute or any effective rule or rules adopted pursuant to said statute.

"(5) If the alleged negligence on the part of the defendant, as set out in the Complaint, is to be treated as common law negligence and not statutory negligence, the Complaint likewise fails to state a cause of

action, because under the common law there is no liability for an occupational disease caused by such acts of alleged negligence as are set out in the plaintiff's Complaint."

As heretofore shown defendant's motion to dismiss was sustained and plaintiff, electing to abide by his complaint, judgment for costs was entered against him.

Plaintiff's theory as stated in his brief is that "Section 3 of the Workmen's Occupational Disease Act gives a right of action to an employee who suffers an occupational disease while in his employment occasioned or caused through the negligence of his employer without regard to any effective rule of the Industrial Commission made for the health and safety of employees or any statute of the state enacted for that same purpose."

Defendant's position as to plaintiff's complaint is as follows: "It was insufficient to state a cause of action under the statute in question since the complaint clearly shows and plaintiff admits that this defendant did not violate any statute intended for the protection of the health of the plaintiff or any rule of the Industrial Commission which 'shall be and constitute negligence . . . within the meaning of this section.'

"If the Court sustained the complaint, then and in that event the statute as applied to this defendant would contravene subparagraph 2 of Article II and Article III of the Constitution of the State of Illinois and the Fourteenth Amendment to the Federal Constitution."

The Workmen's Occupational Diseases Act was enacted March 16, 1936, and on the same day the Legislature adopted the Health and Safety Act (ch. 48, sec. 137.1 *et seq.*, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 45.075(1) *et seq.*]). The latter act provided in part as follows:

*"137.1. Industrial commission to administer.*]  § 1. The industrial commission is hereby vested with the power and authority to administer the provisions of this Act.

*"137.2. Application of act.*]  § 2.  This Act shall apply to all employers engaged in any occupation, business or enterprise in this State, and their employees, except as follows:

"(a) Nothing contained in this Act shall be construed to apply to any work, employment or operations done, had or conducted by farmers and others engaged in farming, tillage of the soil or stock-raising, or to those who rent, demise or lease land for such purposes, or to anyone in their employ, or to any work done on a farm or country place, no matter what kind of work or service is being done or rendered.

"(b) Nothing contained in this Act shall be construed to apply to employers and employees in the coal mining industry.

*"137.3. Rules to secure protection of employees.*] § 3.  It shall be the duty of every employer under this Act to provide reasonable protection to the lives, health and safety of all persons employed by such employer.  The industrial commission shall, from time to time, make, promulgate and publish such reasonable rules as will effectuate such purposes.

"Such rules shall be clear, plain and intelligible as to those affected thereby and that which is required of them, and each such rule shall be, by its terms, uniform and general in its application wherever the subject matter of such rule shall exist in any business, occupation or enterprise having employees.

"Nothing in this Act shall be construed to grant to the industrial commission the power to make any rule which will require the submission of any plan, specifications or other information concerning any proposed installation, alteration, construction, apparatus or equipment, or in any manner regulate the hours of labor of any employee in this State.

*"137.4. Nature of rules.*] § 4. To effectuate the purposes stated in Section 3, the industrial commission shall make such rules only for:

"(a) The proper sanitation and ventilation of all places of employment to guard against personal injuries and diseases.

"(b) The arrangement and guarding of machinery and the storing and placing of personal property to guard against personal injuries and diseases.

"(c) The prevention of personal injuries and diseases by contact with any poisonous or deleterious materials, dust, vapors, gases or fumes.

"(d) The prevention of personal injuries and diseases caused by exposure to artificial atmospheric pressure.

*"137.5. Effect of rules.*] § 5. Such rules of the industrial commission shall have the force and effect of law."

It will be noted that the first part of section 3 of the Occupationl Diseases Act, heretofore set forth, provides: "Where an employee in this State sustains injuries to health . . . in the course of the employment and proximately caused by the *negligence* of the employer . . . a right of action shall accrue to the employee whose health has been so injured for any damages sustained thereby." (Italics ours.)

It will be further noted that the foregoing part of the section was followed by this proviso: "provided, that violation by any employer of any effective rule or rules made by the industrial commission pursuant to the Health and Safety Act, enacted by the Fifty-ninth General Assembly at the third special session, or violation by the employer of any statute of this State, intended for the protection of the health of employees, shall be and constitute negligence of the employer within the meaning of this section."

Plaintiff contends that "the specific negligence" defined in the proviso "is an addition to the general negligence provided for in the first part of the section

and that the word 'provided' was not used by the Legislature in any technical sense but really means 'and/or also' ''; and ''that in addition to the general negligence the violation of a rule of the Industrial Commission or a state statute would also amount to negligence.'' Defendant's answer to this contention is that the right of action of the employee under this section is limited to negligence of the employer as defined in the proviso.

Prior to the adoption of the statutes involved herein, the former Workmen's Occupational Diseases Act was declared unconstitutional and void (*Parks v. Libby-Owens-Ford Glass Co.*, 360 Ill. 130; '*Boshwizen v. Thompson & Taylor Co.*, 360 Ill. 160; and *Vallat v. Radium Dial Co.*, 360 Ill. 407) and it was thereafter repealed by the present Occupational Diseases Act. The former Health and Safety Act was also declared unconstitutional (*Parks v. Libby-Owens-Ford Glass Co., supra*) and it was thereafter repealed by the present Health and Safety Act.

In insisting that the word negligence as used in the first part of section 3 of the present Occupational Diseases Act means general or ordinary negligence, plaintiff makes the following statement in his brief: ''Before an employer carries on a business and has employees working for him in any place or in any conditions, it is his duty to know that there is nothing in that work that is detrimental to the health of his employee, or if the work is such that there is some hazard in that regard he should use reasonable care and diligence to correct the conditions to make the surroundings safe from such hazard. Certainly a statute giving a right of action for negligence without attempting to define what particular acts would constitute the negligence does not contravene either the Illinois or the United States Constitutions.''

It is difficult to understand how this proposition can be seriously urged since the Supreme Court decisions

above cited declared the former Occupational Diseases Act void for uncertainty because its provisions were so vague, indefinite and incomplete that no sufficiently clear and understandable standard of duty was defined therein to guide employers in complying with its requirements. In the *Parks* case it was said at page 114 that "the General Assembly has failed to establish a standard or rule of action." In the *Boshuizen* case, the court said at page 167 that "to be valid the statute must prescribe a standard so definite, fixed and understandable as to permit a compliance therewith by one who desires to meet its requirements." In the *Vallat* case this language was used by the Supreme Court at page 414: "There is no question as to the need and imperative right that men, women and children engaged in such occupations should have to be guarded against destruction or impairment of health. This end must be obtained by laws that are themselves a protection, and it is not a compliance with the due process provisions of our fundamental law if the duty be put upon employers without some accurate and definite chart and compass to guide them towards the humane results intended." These cases squarely hold that before the duty can be imposed upon employers to guard against the destruction or impairment of the health of their employees the legislature must prescribe a standard or chart of duty which is so definite, fixed and understandable that it will permit a compliance therewith by one who desires to meet its requirements.

It must be assumed that when the legislature repealed the former unconstitutional Occupational Diseases Act and the Health and Safety Act and contemporaneously adopted the present acts, it acted in the light of the foregoing Supreme Court decisions and intended to meet the defects pointed out therein which caused the former acts to be condemned as void.

In our opinion the language used in the proviso to section 3, heretofore set forth, is plain and understandable and really not open to construction. It states as clearly as language can that the violation by any employer of any effective rule or rules made by the Industrial Commission pursuant to the Health and Safety Act or the violation by the employer of any statute of this State intended for the protection of the health of employees, *shall be and constitute negligence of the employer within the meaning of this section.*

Thus actionable negligence under this section is clearly defined and the proviso excludes any action by an employee for an employer's negligence except as defined.

To sustain his contention that the proviso merely specifies acts of negligence for which an employer may be held liable in addition to its liability for general negligence, plaintiff is compelled to avoid the force of the language used in said proviso. He argues that the legislature in using the word "provided" intended it to mean "and or also." His contention in this regard is directly contrary to the fundamental rule of construction that the office of a proviso is to limit, restrain or qualify. (*People ex rel. Oelsner v. Andrus,* 299 Ill. 50; *State Public Utilities Commission v. Early,* 285 Ill. 469; *In re Day,* 181 Ill. 73.) It seems perfectly obvious that the word "provided" was used in its ordinary sense and that the legislature clearly intended to qualify the word negligence appearing in the first part of section 3 to mean negligence as defined in the proviso. The use of the imperative language "shall be and constitute negligence" and the phrase "within the meaning of this section" is significant of the intention of the legislature to define the word negligence as used in section 3 to mean the "violation by any employer of any effective rule or rules made by the Industrial Commission pursuant to the

Health and Safety Act . . . , or violation by the employer of any statute of this State, intended for the protection of the health of employees."

In its endeavor to adopt valid statutes that would adequately and effectually protect the health of employees, the legislature enacted the present Workmen's Occupational Diseases Act and the Health and Safety Act. These acts are in *pari materia*. It will be noted from the provisions of the Health and Safety Act, heretofore set forth, that the Industrial Commission is vested "with the power and authority to administer the provisions of this Act" and that "the Industrial Commission shall from time to time make, promulgate and publish such reasonable rules as will effectuate" the protection of the health of employees. It appears from plaintiff's complaint that "on or before the said 28th day of September, 1938, the Industrial Commission made or published no rules pursuant to the Health and Safety Act enacted by the 59th General Assembly at the Third Session as contemplated by the said Workmen's Occupational Disease Act. Neither was there any statute passed in the State of Illinois intended for the protection of the health of employees after the date of the passing of the Workmen's Occupational Disease Act and before or on the 28th day of September, 1939."

Plaintiff's argument resolves itself into the proposition that the failure of the legislature to enact any statute for the protection of the health of employees since the adoption of the Workmen's Occupational Diseases Act and the failure of the Industrial Commission to make and promulgate pursuant to the Health and Safety Act any effective rule or rules for the protection of the health of employees should not preclude him from recovering damages for the injury to his health suffered as a result of defendant's general negligence. We cannot agree with plaintiff in this regard

since to hold as he contends would amount to judicial legislation. It is strictly a matter for the legislature or the Industrial Commission to take the proper steps to effectuate the purpose of both of the acts under consideration.

Since employees had no right under the common law to recover damages resulting from occupational diseases contracted by them in the course of their employment and since in our opinion the legislature did not intend to afford employees a right of action against their employers for general negligence under the Workmen's Occupational Diseases Act and the Health and Safety Act, we are impelled to hold that plaintiff's complaint was properly dismissed.

For the reasons stated herein the judgment of the superior court is affirmed.

*Judgment affirmed.*

SCANLAN, P. J., and FRIEND, J., concur.