(No. 4128—)

HAZEL RAMSEY, WIDOW OF ROBERT RAMSEY, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1949.*

R. W. HARRIS, Attorney for Claimant.

HON. IVAN A. ELLIOTT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant, Hazel Ramsey, filed her claim on October 27, 1948 for damages under the Workmen's Occupational Diseases Act for the death of her husband, Robert Ramsey, from tuberculosis, which she alleges he contracted while employed as a guard by respondent at the Illinois Security Hospital at Menard, Illinois.

The claimant alleges that her deceased husband was employed in Wards C-2, C-3 and C-4 at the said Illinois Security Hospital from July 17, 1947 to November 19, 1947; that he came in contact with three inmates suffering from the disease of tuberculosis while in the performance of his duties; that he was not provided with any special gown or mask, or any kind of covering for his mouth and nose, and that the ventilation in said Ward

C-4 was poor and the air was foul. The departmental report denies that the ventilation in Ward C-4 was poor, that the air was foul, and further states that as soon as it was determined that patients were afflicted with tuberculosis they were immediately moved to the tuberculosis ward, and that Officer Ramsey was only very occasionally in close contact with anyone suffering from tuberculosis.

The pertinent facts brought out by the evidence in this case was the testimony of Dr. George H. Vernon, who established the fact that claimant's husband died of pulmonary tuberculosis at the Palmer Sanitarium on December 29, 1947. The testimony of claimant, Mrs. Hazel Ramsey, was that her husband was 54 years old, and was in good health on July 17, 1947 at the time he commenced work at the Illinois Security Hospital; that previous to this employment he worked for twenty years as a policeman on the Marion police force; that, to her knowledge, he never had tuberculosis prior to his employment by respondent. These pertinent facts of her testimony were substantiated by her son, Robert L. Ramsey, who also testified. In the record is the testimony of J. S. Dungey, who was also employed as a guard at the Illinois Security Hospital. He testified that he had known the deceased for many years and that his health was apparently good at the time he commenced his employment at the Illinois Security Hospital; that it was necessary to come in close contact with the patients at the institution; that there were three tubercular patients in said Ward C-4 during the time the deceased was employed there, and that the only ventilation was the windows; that during the fall and winter the air was bad in the ward, as the windows could be opened but very little. There is no other evidence, medical or otherwise,

that deceased contracted the disease of tuberculosis from his exposure to tubercular patients in the course of his employment by respondent. Claimant has attempted to prove general or ordinary negligence by respondent, which the record before us does not establish without the Court indulging in speculation and surmise. However, it is unnecessary to go further into this question, as proof of general or ordinary negligence is not sufficient to permit recovery under Section 3 of the present Occupational Diseases Act.

Claimant, in her complaint, predicates her recovery under said Section 3. In construing this section the Court said, in the case of *Grutzius* v. *Armour & Company,* 312 Ill. App. 366, on page 376:

*"In our opinion the language used in the proviso in Section 3, heretofore set forth, is plain and understandable and really not open to construction. It states as clearly as language can that the violation by any employer of any effective rule or rules made by the Industrial Commission pursuant to the Health and Safety Act or the violation by the employer of any statute of this State intended for the protection of the health of employees, shall be and constitute negligence of the employer within the meaning of this section.*

*Thus actionable negligence under this section is clearly defined and the proviso excludes any action by an employee for an employer's negligence except as defined."*

This Court allowed recovery under said Section 3 in the case of *Wheeler* v. *State,* 12 C.C.R. 254, where there was a violation of a statute. The Court also denied the claim in the case of *McNutt* v. *State,* 17 C.C.R., and stated therein that, to establish negligence within the meaning of this section, claimant must show respondent violated

(1) *A rule or rules of the Industrial Commission made pursuant to the Health and Safety Act, or*

(2) *Violated a statute of this State intended for the protection of the health of employees.*

It is not alleged in the complaint, nor is there any proof in the record which would show that the case at

bar comes within the construction placed upon said Section 3 by the cases hereinabove cited. Under the circumstances claimant's claim must be denied, as claimant must show by the evidence that the State is charged with negligence as defined in Section 3 of said Act.

For the reason stated, the claim is denied.

Hugo Antonacci, 502 Illinois National Bank Building, Springfield, Illinois, submitted his invoice for the sum of $47.00 for taking and transcribing the testimony in this case, which charge is fair, reasonable and customary. An award is therefore entered in favor of Hugo Antonacci in the sum of $47.00.