(No. 18259.—Cause transferred.)
SOL RUBIN, Appellant, *vs.* SAMUEL MIDLINSKY *et al.*
Appellees.

*Opinion filed October 22, 1927.*

1. BILLS OF REVIEW—*what is a bill of review.* A bill of review is in the nature of a writ of error, and its object is to have reviewed a decree in chancery rendered upon a former bill and to procure an alteration or reversal of the decree by another trial of the issues upon which the case was first submitted.

2. APPEALS AND ERRORS—*no freehold is involved on appeal from order denying leave to file bill of review.* As the granting or denying of leave to file a bill of review is not an alteration or reversal of the decree sought to be reviewed but is simply a determination of the question whether another trial will be allowed, an appeal from an order denying leave to file a bill of review cannot be taken directly to the Supreme Court even though a freehold is involved in the decree sought to be reviewed, as the affirmance or reversal of the order will not necessarily affect the decree.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

GRANVILLE W. BROWNING, and CLARK & CLARK, for appellant.

EPSTEIN & FEIWELL, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Sol Rubin filed a bill in the circuit court of Cook county against Samuel and Anna Midlinsky for an accounting and redemption of certain real estate in the city of Chicago. The Midlinskys answered the bill, and Anna filed a cross-bill seeking to remove certain deeds and affidavits as clouds on her title to the property and for an injunction restraining further acts of interference with her rights as owner of the real estate. The decree of the court granting the

relief prayed in the cross-bill and dismissing the original bill for want of equity was affirmed by this court in *Rubin v. Midlinsky,* 321 Ill. 436. Thereafter Rubin filed a petition in the circuit court for leave to file a bill of review for newly discovered evidence. The petition was supported by affidavits and exhibits, and upon a hearing the court denied the petition on the ground that diligence was not shown and the newly discovered evidence was merely cumulative and of an impeaching character. The petitioner seeks by this appeal to review the order of the court denying the petition.

A bill of review is in the nature of a writ of error, and its object, as indicated by its name, is to have reviewed a decree in chancery rendered upon a former bill and to procure an alteration or reversal of the decree by another trial of the issues upon which the case was first submitted. Leave to file a bill of review must first be obtained, and when allowed is not an alteration or reversal of the former decree. The only question presented for decision by this appeal is whether or not the court erred in denying leave to file a bill of review. A reversal of that order would simply amount to a finding and judgment that a sufficient showing had been made to warrant another trial on the issues upon which the case was first submitted. An affirmance of the judgment of the lower court would simply amount to a finding and judgment that the appellant was not entitled to another trial on the issues. It is therefore clear that there is no freehold directly involved in the issues on this appeal, as neither an affirmance nor a reversal of the judgment of the lower court would amount to an alteration or reversal of the former decree in the lower court. This court, therefore, has no jurisdiction of the cause on the ground that a freehold is directly involved. (*Cunningham v. Cunningham,* 303 Ill. 41.) There is no other reason suggested or appearing in the record that would give this court jurisdiction of this appeal.

The cause will be transferred to the Appellate Court for the First District and the clerk of this court will transmit to the clerk of the Appellate Court all the files in this cause, together with the order to transfer.

*Cause transferred.*