(No. 23555.—)
MINNIE RYAN, Appellant, *vs.* THE CITY OF CHICAGO *et al.*
Appellees.

*Opinion filed June 17, 1936.*

SAMUEL A. & LEONARD B. ETTELSON, (SAMUEL A. ETTELSON, EDWARD C. HIGGINS, CARL J. APPELL, and HERBERT A. SALZMAN, of counsel,) for appellant.

BARNET HODES, Corporation Counsel, QUIN O'BRIEN, CARL HJALMAR LUNDQUIST, and ADAM E. PATTERSON, for appellees.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of the court:

The plaintiff, alleging she was a tax-payer, filed in the superior court of Cook county her verified representative complaint in equity against the city of Chicago, the commissioner of police and the civil service commissioners of Chicago, by which she sought to enjoin the defendants from discharging from service, pursuant to authority granted to the defendants the commissioner of police and the civil service commissioners by an act referred to as the Policemen and Firemen Retirement act, (Laws of 1935, pp. 536, 537,) and an amendment to section 12 of the Civil Service act,

(Laws of 1935, pp. 560, 561,) policemen of the city who had become sixty-three years of age. The complaint further alleged that there were two hundred able-bodied policemen and firemen who had attained the age of sixty-three years who were well qualified, mentally and physically, for their positions and were properly discharging their respective duties; that the defendants had threatened to discharge them on or about January 1, 1936; that such policemen claim they are duly qualified policemen of the city of Chicago under the civil service laws of the State, are entitled to hold their respective offices, and each is severally opposed to his retirement.

The complaint charged said acts passed in 1935 were each unconstitutional. Upon application for temporary injunction the defendants made their motion in the nature of a demurrer to strike the complaint and dismiss the same, designating the pleading as a "bill" rather than a complaint. They assigned in support of their motion (1) that no equity appears on the face of the bill; (2) that the court has no jurisdiction of the subject matter of said bill of complaint; (3) that the plaintiff has a complete and adequate remedy at law; (4) that on the face of the bill the plaintiff has not shown that she has or will have any interest or property rights in the premises or that she will sustain any injuries or damages; (5) that the relief prayed for in said bill of complaint is political in its character and not civil; (6) that there are no property rights involved; and (7) that the bill on its face is wholly insufficient to entitle the plaintiff to any of the relief sought or prayed for. The trial court sustained the defendants' motion and dismissed the complaint. The decree specifically found the complaint vulnerable to the attack made on it for each of the seven reasons set forth in the motion to strike. The decree further expressly stated, in substance, that the trial court, in reaching its decision and in rendering its decree, did not pass upon the validity or constitutionality of either of the

statutes. The plaintiff has brought the cause directly to this court. The defendants made their motion in this court to dismiss or transfer the case, and that motion was taken with the case.

In passing upon this proceeding we are sitting as a court of review and not as a court of original jurisdiction. It follows that before we are permitted to pass upon the merits of the proceeding we must first determine whether it is one in which we have jurisdiction to review the record. The only grounds assigned which purport to give this court jurisdiction are those which attack the constitutionality of the acts. It is not sufficient to confer jurisdiction on this court for the pleading to allege the violation by a statute of some constitutional provision or for such charges to be stated in the argument, (*Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co.* 246 Ill. 620; *Griveau* v. *South Chicago City Railway Co.* 213 id. 633; *Chicago General Railway Co.* v. *Sellers,* 191 id. 524; *People* v. *Kelly,* 187 id. 333;) but the record must affirmatively disclose that the constitutional question was not only presented in the trial court for decision but was passed upon by it. (*McNeil & Higgins Co.* v. *Neenah Cheese Co.* 290 Ill. 449; *Dean* v. *Northern Trust Co.* 259 id. 148.) On review, the question of jurisdiction must be determined by the issues affected by the decree. (*Chicago Steel Works* v. *Illinois Steel Co.* 153 Ill. 9.) The statute which gives this court jurisdiction by direct appeal where the constitutionality of a law is involved applies only where such constitutionality was the primary inquiry in the trial court, (*Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co. supra,*) and even though a constitutional question was raised in the trial court but a final decree was rendered on other issues no constitutional question is presented for review on appeal to this court. *Odin Coal Co.* v. *Industrial Com.* 297 Ill. 392; *Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co. supra.*

Counsel for the plaintiff strenuously insist here that the trial court did pass upon the constitutionality of the two statutes involved. The decree is to the contrary, and we will not attempt to go behind that decree. The record as made presents no issue for review on a constitutional question, (*Dean* v. *Northern Trust Co. supra,*) but the only issue is whether the trial court correctly decided the cause upon any one or more of the points made by the motion to strike. The Appellate Court is the tribunal to determine, on review, the correctness of the decree.

The motion of the appellees to transfer is allowed, and the cause is ordered transferred to the Appellate Court for the First District.

*Cause transferred.*