(No. 25094.—

HENRY K. HOLSMAN, Appellee, *vs.* THE CAMPBELL REALTY COMPANY, Appellant.

*Opinion filed June 19, 1939.*

EDWARD H. S. MARTIN, for appellant.

HUBBARD, BAKER & RICE, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Henry K. Holsman brought an action in the municipal court of Chicago to recover for services performed by him as an architect pursuant to an alleged written contract attached to the statement of claim. From a verdict and judgment in favor of plaintiff for $3508.67, and costs, defendant has appealed directly to this court on the ground that a constitutional question is involved. Many errors have been assigned and argued, but we have no jurisdiction to consider them unless appellant is correct in its contention that a constitutional question is presented.

Before this court has jurisdiction on direct appeal, the record must affirmatively disclose that the constitutional question was not only presented in the trial court for decision, but was passed upon by it. (*Ryan* v. *City of Chicago,* 363 Ill. 607.) In this cause, by paragraph 2 of its defense, appellant interposed the defense of *ultra vires.* It set forth that appellant was incorporated under "An act in relation to corporations for pecuniary profit," approved in 1919; that it was not and never had been a building corporation nor a real estate improvement corporation; that it had no power or authority to execute the contract sued upon; the contract was wholly *ultra vires* and void; that section 8 of the Business Corporation act of 1933 (abolishing the defense of *ultra vires* in suits between a corporation and a third party) should properly be construed not to apply to this case because the contract was entered into prior to the passage of that act, and that if section 8 were construed to apply here, it is unconstitutional as violative of section 1 of article 14 of the constitution of the United States and of section 2 of article 2 of the constitution of

Illinois. Appellee's motion to strike this paragraph of the defense was sustained.

In so far as the record discloses, it was never contended by appellee that section 8 of the Business Corporation act of 1933 was applicable to this suit. His pleadings do not mention that statute, and the record does not contain a stenographic report of the proceedings on the hearing of the motion to strike this portion of the defense. Thus the record fails to show that the question of the applicability or constitutionality of the Business Corporation act of 1933 was ever put in issue. Similarly, the record is silent as to whether the trial court held the statute applied and was constitutional, or whether it held the defense of *ultra vires* not available for some other reason. The record, therefore, fails to show that a constitutional question was either put in issue or passed upon in the trial court.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*