(No. 25402.—

The City of Springfield *et al.* Appellees, *vs.* George J. Kable *et al.* Appellants.

*Opinion filed December 15, 1939.*

William L. Patton, and T. C. Torrence, for appellants.

Hugh J. Graham, City Attorney, and Barber & Barber, for appellees.

Mr. Justice Murphy delivered the opinion of the court:

The defendants, George J. Kable and Mary Edith Kable Caldwell, owned lot 62 and a part of lot 50 all in Assessors' subdivision of the city of Springfield. In 1937, George J. Kable began to use a part of said lots for the parking of automobiles, for hire. The city of Springfield, its superintendent of buildings and sixteen property owners instituted a suit to enjoin such use, as being a violation of the zoning ordinance of the city. Because defendants' property was used for various purposes, the plaintiff filed an amended complaint, containing three counts, dividing the property into tracts according to the uses. Count one of the amended pleading refers only to tract 1, which is the only part of the real estate involved in this appeal.

Plaintiffs alleged in count one the due enactment of the zoning ordinance, the classification of tract I as "B" residence district, defendants' ownership, the use made of the tract before and since the passage of the ordinance. The violation of the ordinance by using the tract for parking purposes, and that such use depreciated the rental and market value of other properties in the immediately vicinity, was also alleged.

Defendants' answer admitted the passage of the ordinance, the classification of ownership and purposes for which it was used before and after the adoption of the ordinance as stated in count one. They denied such use decreased the rental and market value of the properties. It was alleged, the ordinance as applied to tract I, was unreasonable, confiscatory and deprived defendants of rights guaranteed by the State and Federal constitutions.

Plaintiffs filed a motion for the default of the defendants, and for judgment as prayed in count one, because the answer did not state a defense to the count. The motion was allowed and a decree entered, finding the answer did not state a defense to the count and perpetually enjoined defendants from using tract I for the parking of automobiles, for hire. This appeal is from that decree, and the certificate of the trial court that the validity of a municipal ordinance is involved, recites that the answer of the defendants did not state a defense to count one and judgment was entered on plaintiffs' motion.

This court is without jurisdiction to review the issue presented on this appeal. The only question passed upon by the trial court, and the one upon which the judgment was granted, was as to the sufficiency of defendants' answer as a defensive pleading. The validity of the ordinance was not involved. In *Pollack* v. *County of DuPage,* 371 Ill. 199, this court held that it was not sufficient to confer jurisdiction on this court for the pleadings to allege the violation of some constitutional provision by a statute or

ordinance, but the record must affirmatively disclose that the constitutional question was not only presented in the trial court for decision but was passed upon by it. This is in accord with the holding in *Ryan* v. *City of Chicago*, 363 Ill. 607.

This court not having jurisdiction to consider the appeal, the cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*