(No. 26239.—

JOHN GRUTZIUS, Appellant, *vs.* ARMOUR AND COMPANY OF DELAWARE, INC., Appellee.

*Opinion filed September 17, 1941.*

H. A. Barnhardt, for appellant.

Charles J. Faulkner, Jr., Walter C. Kirk, and John P. Doyle, for appellee.

Mr. Justice Wilson delivered the opinion of the court:

The sole question which requires consideration on this appeal is whether the validity or merely the construction of section 3 of the Workmen's Occupational Diseases act is involved in the litigation, within the contemplation of section 75 of the Civil Practice act. So far as relevant, section 3 (Ill. Rev. Stat. 1939, chap. 48, par. 172.3, p. 1587) provides: "Where an employee in this State sustains injury to health or death by reason of a disease contracted or sustained in the course of the employment and proximately caused by the negligence of the employer, unless such employer shall have elected to provide and pay compensation as provided in section 4 of this act, a right of action shall accrue to the employee whose health has been so injured for any damages sustained thereby; * * * provided, that violation by any employer of any effective rule or rules made by the Industrial Commission pursuant to the Health and Safety act, enacted by the Fifty-ninth General Assembly at the third special session, or violation by the employer of any statute of this State, intended for the protection of the health of employees, shall be and constitute negligence of the employer within the meaning of this section."

The plaintiff, John Grutzius, filed a second amended complaint in the superior court of Cook county against the defendant, Armour and Company of Delaware, Inc., to recover damages in the amount of $50,000 for permanent injury to his health. By his complaint, plaintiff charged that on, and many years prior to September 1, 1937, he was employed by defendant at its fertilizer plant in the city of Chicago Heights; that his employment required him to work in each of the three principal divisions, rooms and buildings of the plant, and that while so engaged he was exposed to the inhalation of deleterious gases, dusts and fumes. Plaintiff alleged that since November 1, 1936, the effective date of the Workmen's Occupational Diseases act, a statutory duty has rested upon defendant to use due and reasonable care for the safety of the health of its employees, including himself; that, instead, defendant, from November 1, 1936, to and including September 28, 1938, negligently failed to prevent the appearance and diffusion of noxious gases, fumes and dusts, and to provide adequate ventilation and other mechanical means for the purpose of exhausting the substances named; that as the direct result of being required to work under the conditions described he contracted diseases of a progressive nature, namely, silicosis, pneumoconiosis and tuberculosis, and that his condition eventually so disabled him he was compelled to quit his employment on September 28, 1938. It was further alleged that defendant did not at any time mentioned in the complaint, elect to avail itself of the compensation provisions of the statute. Concluding allegations are that prior to September 28, 1938, the Industrial Commission had neither made nor published any rules pursuant to the Health and Safety act, as contemplated by the Workmen's Occupational Diseases act, and, further, that no statute had been enacted for the protection of the health or safety of employees between the date of the enactment of the statute and September 28, 1938. Defendant filed a motion to dis-

miss the complaint. The gist of the first four specifications is that the complaint did not state a cause of action under section 3 of the applicable statute since it affirmatively appeared from plaintiff's allegations that defendant did not violate any statute "intended for the protection of the health of employees" or "any effective rule or rules made by the Industrial Commission pursuant to the Health and Safety act," a violation of which statute or rule, section 3 of the Workmen's Occupational Diseases act ordains, "shall be and constitute negligence of the employer within the meaning of this section." Defendant's motion avers, further, that if its alleged negligence be treated as common law rather than statutory negligence, the complaint likewise fails to state a cause of action. The sixth and last ground of defense is that section 3 is so vague, indefinite, uncertain and incomplete, it is impossible to give it precise and intelligible application to conditions of plaintiff's employment by the defendant and that, in consequence, the application of section 3 to the complaint would contravene section 2 of article 2, and article 3 of our constitution and the fourteenth amendment to the Federal constitution. Defendant's motion was sustained, plaintiff abided by his pleading, and judgment for costs was rendered against him and in favor of the defendant. Plaintiff appeals directly to this court, apparently on the assumption that the validity of a statute is involved.

Seeking a reversal of the judgment, plaintiff contends that section 3 of the Workmen's Occupational Diseases act gives a right of action to an employee who suffers an occupational disease while in his employment occasioned or caused through the negligence of his employer, irrespective of any effective rule of the Industrial Commission made for the health and safety of employees, or any statute enacted for this purpose. Defendant maintains here, as in the trial court, that plaintiff's complaint does not state a cause of action under section 3. The issue thus made presents for our decision the construction of section 3 of the

statute, and not its validity. It is true that one of the six grounds specified in defendant's motion to dismiss is that section 3 contravenes the State and Federal constitutions. The order dismissing the complaint is, however, a general order and does not purport to rule upon the constitutionality of section 3. Indeed, the parties admit, in effect, that the trial court did not pass upon its validity. Moreover, the briefs of neither plaintiff nor defendant directly argue the question of the validity of section 3. Both parties agree the constitutional question, if any, urged by defendant, is that if the complaint be sustained, thereby according section 3 the construction advanced by plaintiff, the section would then, and as applied to the defendant, transcend the constitutional guaranties in the respects stated in the motion to dismiss.

Before this court will take jurisdiction of an appeal on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question was urged in the trial court, the ruling on it must be preserved in the record for review, and error must be assigned upon it here. (*Economy Dairy Co.* v. *Kerner,* 371 Ill. 261.) The mere assertion that a constitutional question is involved, in the absence of other grounds, is insufficient to confer jurisdiction of a cause upon this court. It must appear that the asserted constitutional question is, in fact, reasonably involved. (*Hawley Products Co.* v. *May, post,* p. 506; *People* v. *DeYoung,* 369 Ill. 341; *Hawkins* v. *Hawkins,* 350 id. 227.) Nor is it sufficient to confer direct jurisdiction for a pleading, as here, to merely allege the violation of some constitutional provision by a statute or for such charges to be stated in the argument. (*Ryan* v. *City of Chicago,* 363 Ill. 607.) We have jurisdiction by direct appeal where the validity of a statute is involved only where its constitutionality was the primary inquiry in the trial court (*Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co.* 246 Ill. 620) and even though a constitutional issue was raised

in the trial court but a final order was rendered on other issues, no constitutional question is presented for review on appeal to this court. (*Ryan* v. *City of Chicago, supra.*) Although it appears that a constitutional question was one of several grounds in support of defendant's motion to dismiss, the record fails to disclose whether this question was actually urged in the trial court, no ruling on it has been preserved for review, and error has not been assigned upon it here. The sole ground for reversal assigned is that the trial court erred in sustaining defendant's motion to dismiss. This general statement is insufficient as an assignment of error upon a decision of a constitutional question. From the pleadings and the judgment rendered thereon, and from the briefs, it is apparent that the trial court did not, as a matter of fact, pass upon the constitutional validity of the statute involved in this cause.

To support its construction of section 3, defendant invokes the familiar rule that courts should not construe a statute so as to render it unconstitutional, if any other reasonable construction can be adopted which will make the act effective. In reply, plaintiff acquiesces in defendant's argument that the statute should be so construed as to not render section 3 invalid. The rule thus invoked by both parties is a classic canon of statutory construction. A constitutional question is not raised, however, as the court is being urged by both parties merely to adopt a certain construction of a statute and the statute itself is not assailed. (*Economy Dairy Co.* v. *Kerner, supra.*) Nor does the fact that a judgment might have been, but was not, rendered which would have given defendant a right to rely on a constitutional question on appeal present a constitutional question for review. *Hawley Products Co.* v. *May, supra.*

Since the validity of the statute is not reasonably involved, this appeal should have been prosecuted to the Appellate Court for the First District. The cause is, accordingly, transferred to that court.

*Cause transferred.*