(No. 26804.—

ELIAS HACKNER, Appellant, *vs.* ALLEN VAN WYCK *et al.,* Appellees.

*Opinion filed January 21, 1943.*

SHULMAN, SHULMAN & ABRAMS, (MEYER ABRAMS, of counsel,) for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, ANDREW J. DALL-STREAM, THOMAS C. STRACHAN, JR., GEORGE F. CALLAGHAN, BEACH, FATHCHILD & SCOFIELD, DAILY, DINES, WHITE & FEIDLER, and CHARLES C. LEFORGEE, (FRANCIS L. DAILY, and DONOVAN Y. ERICKSON, of counsel,) for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of court:

Appellant filed a complaint in the superior court of Cook county, as a stockholder's derivative suit, alleging he was a stockholder in the defendant-appellee Illinois Iowa Power Company. By this suit he seeks to recover for the benefit of the corporation certain funds allegedly used by it for illegal purposes resulting in a loss to the corporation. He sets out in his complaint that the corporation and others of the defendants were indicted in the United States District Court for using funds to contribute to campaign funds at various elections, and the corporation pleaded guilty and was fined $5000. The case against other defendants was *nolle prossed.* Appellant says in his complaint that this $5000 fine should be repaid to the corporation by the other defendants because, as directors of the corporation, they authorized its plea of guilty.

The appellee corporation, and the appellees alleged to be officers and directors of the Power Company, filed a motion to dismiss on the ground that the complaint does not state a cause of action sufficient to entitle plaintiff to maintain his suit. These motions set forth the reasons in support thereof. Among others, was the claim that the Public

Utility Holding Company Act of 1935 is unconstitutional. An amended complaint was filed and the motions to dismiss allowed to stand to the complaint as amended. The chancellor sustained the motions and dismissed the complaint for want of equity. No reason is set out by the chancellor for his ruling and nothing appears in the record to indicate that he passed upon the constitutionality of the act. The cause is brought directly to this court because, appellant says, a constitutional question is involved. Though a constitutional ground was alleged in the motion of the defendants to dismiss, there is, as we have said, nothing in the record to indicate that it was passed upon. The principal argument made in the motion and on review here goes to the sufficiency of the complaint.

While the parties here do not raise the question, this court has often stated that it is its duty to pass upon the question of jurisdiction when it appears, and to decline to take jurisdiction whenever it is apparent from the record that a constitutional or other jurisdictional question is not necessarily involved in the case.

As has frequently been stated by this court, in order to confer jurisdiction on this court on direct appeal from the trial court on the ground that the validity of a statute is involved, it must appear from the record that the validity of the statute was urged in the trial court, ruled upon, and the ruling preserved in the record for review and error assigned thereon in this court. *Perlman* v. *Thomas Paper Stock Co.* 378 Ill. 238; *Economy Dairy Co.* v. *Kerner,* 371 id. 261; *Foreman-State National Bank* v. *Sistek,* 358 id. 525; *Cooper* v. *Palais Royal Theatre Co.* 320 id. 44; *People ex rel. Rexses* v. *Cermak,* 317 id. 590.

There is nothing in this record to indicate that the trial court ruled upon the question whether the act involved was valid or invalid and, if counsel for either side desired to preserve that question so as to afford a basis of jurisdiction here on direct appeal, they should have seen to it that

the court ruled upon the validity of the act. Its order dismissing the complaint may have been on a number of grounds there urged other than the matter of the validity of the statute. The question presented by this appeal is whether the complaint stated a cause of action. The chancellor held it did not. Jurisdiction of the subject matter cannot be conferred on this court by consent. (*Keplinger* v. *Lord,* 357 Ill. 571; *Kowalczyk* v. *Swift & Co.,* 317 id. 312.) The cause is transferred to the Appellate Court, First District.