(No. 28491.—

The People *ex rel.* Antonia E. Rago, Appellee, *vs.* Harry A. Lipsky *et al.,* Appellants.

*Opinion filed March 21, 1945.*

Cassius M. Doty, of Chicago, for appellants.

Urban A. Lavery, of Chicago, for appellee.

Mr. Justice Gunn delivered the opinion of the court:

Antonia E. Rago filed her petition in the superior court of Cook county for a writ of *mandamus* against the members of the Board of Election Commissioners of the city of Chicago to require them to permit her to be registered as a voter in the city of Chicago under the name of Antonia E. Rago, rather than as Antonia Rago MacFarland,

as required by appellants, by reason of being married on February 12, 1944, to one William C. MacFarland. The commissioners answered denying she was entitled to such relief. A stipulation was filed agreeing that the cause be tried upon the plaintiff's petition, defendants' motion to strike, and defendants' verified answer and certain additional facts. The court made a finding in favor of plaintiff and ordered and commanded the defendants: (a) to restore the records of registration of the petitioner under the name of Antonia E. Rago to the active registration records of said commissioners, and to desist from holding that the petitioner be required to register under any other name than Antonia E. Rago; and (b) the commissioners were further ordered and commanded, notwithstanding the marriage of the petitioner with William C. MacFarland, to hereafter recognize and accept the registration of the said petitioner in her precinct and ward under the name of Antonia E. Rago for succeeding elections, so long as she shall be otherwise qualified to register.

The petition shows that the plaintiff has lived in her present place of residence practically all of her life; that she has been a member of the bar of Illinois since 1938, and is admitted to the bar of other jurisdictions and has maintained her individual law office under the name and style of Antonia E. Rago, and desires to keep her professional name in that respect; and that after she was married on February 12, 1944, she received a notice March 25, 1944, from the chief clerk of the Board of Election Commissioners notifying her that the registration under her former name would be removed under the provision of the Election Code, which provides that persons who change their names by marriage or otherwise must register anew to be entitled to vote, and accordingly she lost her right to vote in the April primaries, 1944.

The commissioners appealed to the Appellate Court for the First District, and filed record, briefs and abstracts

in that court. A motion was made by appellee to transfer the cause to the Supreme Court on the ground that constitutional questions are involved in the decision of the case, in accordance with the affidavit filed in said cause by the attorney for plaintiff. The cause was thereupon transferred to the Supreme Court by order entered November 20, 1944.

The first question to be disposed of notwithstanding the transfer of the cause to this court is whether we have jurisdiction. The plaintiff based her right to be registered in her unmarried name upon the proposition that it was not necessary for a married woman to adopt her husband's name. The petition does not question or raise the validity of the section of the statute requiring a registered voter, who changes his or her name by marriage or otherwise, to reregister. (Ill. Rev. Stat. 1943, chap. 46, par. 6-54.) No question is raised as to the construction of this section of the statute, whether it be mandatory or directory. The only matter remotely approaching a constitutional question is the setting out at length of the nineteenth amendment to the constitution of the United States, which provides that the rights of citizens to vote shall not be denied or abridged on account of sex. It is not alleged that any provision of the Illinois statutes is in contravention of the constitution of the United States or of Illinois.

An affidavit was filed in the Appellate Court by the attorney for plaintiff, and all that is shown in said affidavit is that the cause involves substantial questions of constitutional law without specifying them. The judgment of the superior court contains nothing which indicates a constitutional question was decided by it. It contains nothing more than a recital of the jurisdiction of the parties and of the subject matter; the findings for the plaintiff and against the defendants, and the matters set out above. The record fails to show that the superior court decided a constitutional question.

It is elementary that it is not sufficient to confer jurisdiction on this court for a pleading to allege only the violation by a statute of some constitutional provision, but the record must affirmatively disclose that the constitutional question was not only presented in the trial court for decision, but was passed upon by it. (*Ryan* v. *City of Chicago,* 363 Ill. 607.) In *Illinois Central Railroad Co.* v. *Chicago & Great Western Railway Co.* 246 Ill. 620, we held that in order to give this court jurisdiction on the ground that the validity of a statute is involved, such statute must be the foundation of some right asserted or some defense made, and its validity must necessarily be involved in a determination of the issue involved.

Assuming that the validity of section 6 of the Permanent Registration Act is incidentally involved, it is not so alleged in the complaint or passed upon by the court, and it therefore cannot be said that thereby construction of the nineteenth amendment of the constitution of the United States is involved. If it be considered that the petition for *mandamus* is broad enough to include a construction of the United States constitution, or the validity of the section of the statute involved, still a constitutional question is not before this court because it was not passed upon by the superior court. This is necessary. (*McNeil & Higgins Co.* v. *Neenah Cheese Co.* 290 Ill. 449; *Ryan* v. *City of Chicago,* 363 Ill. 607.) It has likewise been held that the constitutional question must be based upon the record itself, and not merely upon the argument of counsel. (*Masonic Fraternity Temple Ass'n* v. *City of Chicago,* 217 Ill. 58; *City of Sullivan* v. *Central Illinois Public Service Co.* 287 Ill. 19.) The affidavit filed by plaintiff's counsel is therefore not effective to give us jurisdiction. The rule laid down in *Ryan* v. *City of Chicago,* 363 Ill. 607, that the record must show the constitutional question was not only raised but passed upon by the trial court has been followed in *Pollack* v. *County of*

*DuPage,* 371 Ill. 199; *Kellogg* v. *Kellogg,* 371 Ill. 241; *Holsman* v. *Campbell Realty Co.* 371 Ill. 614; *City of Springfield* v. *Kable,* 372 Ill. 455; and *Shilvock* v. *Retirement Board,* 375 Ill. 68.

The Appellate Court apparently relied upon the affidavit of plaintiff's attorney, for its order recites: "constitutional questions are involved in the decision of the case, as per affidavit filed herein," etc. Neither the pleadings, judgment, nor affidavit is sufficient to give us jurisdiction upon the ground that a constitutional question is involved in the case.

The cause is accordingly transferred back to the Appellate Court for the First District for action upon the merits.