(No. 28463.—

SADIE AKOURIS *et al.*, Appellants, *vs.* THE VILLAGE OF
OAK LAWN *et al.*, Appellees.

*Opinion filed March 21, 1945.*

HARRY A. BIOSSAT, of Chicago, for appellants.

WIELGORECKI & BRIODY, (WALTER F. BRIODY, of coun-
sel,) both of Blue Island, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiffs filed a complaint in equity in the superior
court of Cook county against the village of Oak Lawn,
and the president and trustees of said village, to enjoin
the operation of the zoning ordinance of said village as
affecting the property of the plaintiffs.

Without going into the complaint in detail the plain-
tiffs allege that the ordinance is unreasonable, arbitrary

and capricious as applied to their property, and set out certain facts which purport to show this contention. There is no allegation in the complaint that the zoning ordinance generally is void. It is only claimed the zoning classification is invalid so far as it affects the plaintiffs' property.

A motion to dismiss was made by the defendants setting out six grounds, the last two of which, only, were sustained by the court. The fifth ground sets out that the complaint fails to allege facts establishing discrimination or unreasonableness of the zoning of the plaintiffs' property, and as a part of this objection nine instances of insufficient allegation are pointed out to support this contention. The sixth ground for dismissal is that the complaint as a whole does not make out a case for relief. Upon hearing, the court overruled the motion to dismiss as to the first four grounds, but sustained the motion to dismiss on the fifth and sixth grounds set out in the motion.

The language of the order is: "The court further finds and determines as a matter of law that admitting all of the allegations properly pleaded in the complaint, the complaint fails to allege any facts establishing discrimination or unreasonableness of the zoning of plaintiffs' property, and that the allegations of the complaint as a whole do not make out a case for the relief sought. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the defendants' motion to dismiss the complaint on the grounds set forth in paragraphs (5) and (6) thereof, be sustained, and the complaint is dismissed accordingly." It is clear from this order and decree that the validity of a municipal ordinance is not involved.

In *City of Springfield* v. *Kable,* 372 Ill. 455, the same point arose upon the answer filed by the defendant. A zoning ordinance was involved, and plaintiff charged the defendants with a violation of its provisions. The defendants answered and claimed the ordinance was unreason-

able, confiscatory and deprived the defendants of rights guaranteed by the State and Federal constitutions. The plaintiffs filed a motion for default and for a judgment because the answer did not state a defense. The motion was allowed and a decree entered finding the answer did not state a defense. There was an appeal to this court, and a certificate that the validity of a municipal ordinance was involved. We held that this court was without jurisdiction to review such issue, as the only question passed upon by the trial court and the one upon which judgment was entered was the sufficiency of the defendant's answer as a defensive pleading. The only difference between that case and this is that in this case the issue arises upon the sufficiency of the complaint as a pleading. The finding of the court is that the complaint fails to set out sufficient facts to establish discrimination and unreasonableness, and, to make it more certain, specifies that the complaint is dismissed upon the grounds set forth in paragraphs (5) and (6) of the motion to dismiss.

In order for the validity of a municipal ordinance to be involved so as to authorize a direct appeal to this court, the record must affirmatively disclose that the question of its validity was not only presented to the trial court for decision but was actually passed upon by it. This is the effect of our holding in *City of Springfield* v. *Kable,* 372 Ill. 455, and is similar to the rule followed where a direct appeal is taken upon a constitutional question. *Ryan* v. *City of Chicago,* 363 Ill. 607; *McNeil & Higgins Co.* v. *Neenah Cheese Co.* 290 Ill. 449.

The certificate issued by the trial judge does not show that the validity of the ordinance was involved because his certificate is coupled with the sentence "and that he holds that said ordinance is not unreasonable, arbitrary, discriminatory or unconstitutional and therefore is not void as to the property of plaintiffs involved herein," as

that is not in accord with the order entered, *viz.*, that the facts pleaded failed to establish discriminatory or arbitrary provisions in the ordinance.

A certificate that the validity of a municipal ordinance is involved so as to justify a direct appeal to this court is not effective if it is contrary to what is shown by the record. The record in this case merely finds and adjudges that a complaint is insufficient because of the failure to allege the proper facts. It does not indicate how the court would rule upon the ordinance if, in his judgment, the proper facts had been alleged. It is clear we have no jurisdiction.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*