(No. 30865.—

THE PEOPLE *ex rel.* Trust Company of Chicago, Trustee, *et al.,* Appellants, *vs.* A. PAUL HOLLEB *et al.,* Appellees.

*Opinion filed March 24, 1949.*

ORR, LEWIS & ORR, (WARREN H. ORR, of counsel,) both of Chicago, for appellants.

JOHN S. BOYLE, State's Attorney, JACOB SHAMBERG, and SAMUEL L. GOLAN, (GORDON B. NASH, and MELVIN F. WINGERSKY, of counsel,) all of Chicago, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is a direct appeal from an order entered by the superior court of Cook County sustaining appellees' motion to strike appellants' amended and supplemental complaint, and dismissing the same on the election of appellants to abide thereby.

The aforementioned complaint alleged that it was filed by appellants in behalf of taxpayers of Cook County, and sought to recover for Cook County certain of its funds illegally paid to defendants A. Paul Holleb, Charles M. Holleb, and Sydney R. Yates, copartners, doing business as the Holleb Reporting Service. Also named as defendants were the county of Cook in its corporate capacity, the county coroner, the State's Attorney, and the members of the board of commissioners of said county. As a basis for the relief asked, appellants allege that the county of Cook requires the services of shorthand reporters in connection with hearings conducted before the coroner, the State's Attorney, and in tax objection proceedings; that the county had appropriated a large sum of money to pay for such services; that there are many shorthand reporters in the county competent and available to do such work; that none of the above-named copartners of the Holleb Reporting Service did actual shorthand reporting; that their function was only to furnish persons who performed the actual service. Appellants further alleged that the payments made to such defendants for furnishing shorthand reporters were, in effect, payments for contracts for impersonal service as defined in section 64.16-3, (Ill. Rev.

Stat. 1947, chap. 34, par. 64.16-3,) of the statute relating to counties; that under the accompanying paragraphs to such statute the county purchasing agent must let such contracts on competitive bids when the amount involved is estimated to exceed $1000. The complaint alleged that the county had paid the Holleb Reporting Service several thousand dollars per month for some years last past, and that such amounts were excessive and greater than would have been charged for the same services had bids been invited on a competitive basis.

All of the defendants named, the appellees here, filed identical motions to dismiss the complaint. The chancellor refers to such pleadings as one motion, and we shall refer to them in the same manner in this opinion. Twelve grounds are enumerated in the motion in support of appellees' prayer for dismissal. As a general proposition it is alleged that the amended and supplemental complaint, on its face, shows a want of .equity and fails to state a cause of action. It is specifically alleged that appellants possessed no right to bring the action or appear in behalf of Cook County; that the need for shorthand reporting is not such a service as is contemplated by section 64.16-3 of the Counties Act, and that the allegations to such effect in the complaint are mere conclusions. The motion further alleged that some of the controverted shorthand service was rendered at the request of the coroner, who is alleged to have the power to select reporters; and that the coroner and the State's Attorney are not county officers subject to the provisions of the statute. Finally the motion sets forth that the complaint attempts to have the county appear on both sides of the litigation with the result that there is no plaintiff with a cause of action.

In the portion of the motion wherein it is alleged that the statute with reference to the letting of contracts for impersonal services does not apply to the coroner, it is alleged in support of this claim, that "he is an independent

constitutional officer for territory known as Cook county," and therefore not an officer subject to the statutory provisions relied upon by the appellants.

The order of the chancellor sustaining the motion to dismiss makes no specific finding on any issue raised by the motion. It merely refers to the motion and recites that the court having heard the arguments thereon, and being fully advised in the premises, finds that the motion to strike is well founded and orders that the amended and supplemental complaint be stricken.

Prior to filing their briefs and arguments in this court, appellees filed a motion asking that we transfer the cause to the Appellate Court for lack of jurisdiction here on direct appeal. This motion to transfer was taken with the case and will be considered first, since this court must have the necessary jurisdiction in order to pass upon the merits of the appeal. The basis of appellees' motion is that there was no primary question in the trial court concerning the construction of the constitution or the validity of any statute and that no question of that nature was passed upon by the chancellor. Appellants concede that there was no attack on a statute, but contend appellees raised a constitutional question by their own action in alleging, as one of their grounds for dismissal, that the coroner is a constitutional officer who is not bound by the statute relied upon. They claim that when the court sustained the motion to dismiss it ruled on this alleged constitutional question in favor of appellees and against appellants. In their assignments of error in this court appellants say that the trial court erred in holding that the coroner is an independent constitutional officer for the territory known as Cook County, under our State constitution, and that he is not subject to the act requiring bids for shorthand services in his office.

Appellees maintain that the issue before the trial court and before this court is whether the amended and supple-

mental complaint states a cause of action. They contend that of the numerous grounds specified in the motion to dismiss only one referred to the coroner as a constitutional officer, and that since the chancellor sustained the motion to dismiss by a general order with no specific findings on any ground raised in the motion, there is no express ruling below whether or not the coroner is such a constitutional officer as to be exempt from the requirements of the act in question. They further argue that insofar as is shown by the record on this appeal, the chancellor may have dismissed the amended and supplemental complaint on any one of the other grounds set forth in the motion, and there is nothing in this record to indicate that this particular question was actually passed upon by the chancellor.

The precise question raised by appellees' motion to transfer was before this court in the case of *Hackner* v. *Van Wyck,* 381 Ill. 622. In that case, one of several grounds stated in support of a motion to dismiss was a claim that a statute was unconstitutional. There was a general order of dismissal, as here, which did not pass on the question raised by the motion. This court, in transferring the case to the Appellate Court, said in its opinion that the order of dismissal in that case may have been on a number of grounds urged, other than the matter of the validity of the statute. We held that the question before the court, on such a record, was whether the complaint stated a cause of action, and that if counsel for either side desired to preserve the constitutional question so as to afford a basis to give this court jurisdiction on a direct appeal, they should have seen to it that the court ruled upon the validity of the act.

As we view the record before us in this case, it can be conceived that the chancellor may have considered that the appellees' point on the question of the constitutional status of the coroner was not well taken, and still have decided against the appellants on other grounds stated in

the motion. The record does not disclose that the court passed on a constitutional question such as would give this court jurisdiction on a direct appeal. It is not sufficient to confer direct jurisdiction upon this court for a pleading to merely ask for the construction of some constitutional provision or for the same claim to be stated in argument. (*Ryan* v. *City of Chicago,* 363 Ill. 607.) The record must disclose that the question was actually raised in the trial court and a ruling on it preserved for review. (*Grutzius* v. *Armour and Co.* 377 Ill. 447; *Shilvock* v. *Retirement Board,* 375 Ill. 68; *Ernhart* v. *Elgin, Joliet and Eastern Railway Co.* 399 Ill. 512.) If an allegation only, without a ruling thereon, were sufficient, it would be possible to appeal every case to this court.

There being no ground for direct appeal to this court, the cause is, accordingly, transferred to the Appellate Court for the First District.

*Cause transferred.*