(No. 31778.—

THE CITY OF MONMOUTH, Appellant, *vs.* CLYDE LAWSON *et al.,* Appellees.

*Opinion filed January 18, 1951.*

FREDERICK HOULTON LAUDER, City Attorney, of Monmouth, for appellant.

RYAN & BOUR, of Monmouth, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

Appellees, Clyde Lawson, Ernest Rollins and Carl Graham, the first a property owner and the latter two construction men, were found guilty and fined, in a trial before a police magistrate, for violating an ordinance of the city of Monmouth which made it unlawful for anyone to build a drive-in gasoline filling station within that city without a permit. They appealed to the circuit court of Warren County, which court dismissed the cause on their motion, held the judgment of the police magistrate to be null and void, and assessed costs against the city. Following the entry of the judgment, the circuit court refused appellant's application for a certification that the public interest required a direct appeal to this court. The city of Monmouth has followed with this direct appeal contending that we have jurisdiction because a constitutional question is fairly involved. Appellees have filed a motion to transfer the cause to the Appellate Court, and we have taken it with the case.

It may be conceded that, in cases involving the validity of municipal ordinances, a certificate of the trial court is

required only when the ordinance is attacked on other than constitutional grounds. (*City of Bloomington* v. *Wirrick,* 381 Ill. 347; *Village of Lake Zurich* v. *Deschauer,* 310 Ill. 209.) To give this court jurisdiction on direct appeal on the ground that a constitutional issue is fairly involved, it must affirmatively appear from the record that the trial court ruled upon a constitutional question and that the ruling thereon was preserved in the record for review. (*People ex rel. Trust Co.* v. *Holleb,* 402 Ill. 594; *Hackner* v. *Van Wyck,* 381 Ill. 622; *Hawley Products Co.* v. *May,* 377 Ill. 506.) It is not sufficient to confer jurisdiction on this court for the pleading to allege the violation of some constitutional provision or for such charges to be stated in the argument. *Ryan* v. *City of Chicago,* 363 Ill. 607.

In the instant case appellees' motion to dismiss, which was allowed by the circuit court, alleged: (1) that the ordinance, which formed the basis of the charge against them, is void for the reason that the city of Monmouth had no power to pass and adopt it; (2) that it is void because its provisions contravene the guarantees of the State and Federal constitutions against taking property without due process of law; and (3) that the ordinance, on its face, is unreasonable, arbitrary and oppressive and thus void. In his written order ruling on the motion, the trial judge recited in general terms that the motion was allowed and the cause dismissed, that the fines assessed by the police magistrate were void, and that the defendants go hence with their costs. Nothing in the record discloses that the court affirmatively ruled upon the constitutional issues raised by the motion, or that a ruling upon them was preserved for review.

The first and third grounds advanced by appellees in support of their motion do not raise questions involving constitutional rights and might well have been the basis for the court's judgment. In speaking of similar grounds

which were raised in *City of Chicago* v. *Openheim,* 229 Ill. 313, we said: "If the controversy related only to the power of the city, under the statute, to pass the ordinance, or to the question whether the ordinance is invalid as being an unreasonable and oppressive exercise of that power, this court would have no jurisdiction to entertain these writs of error." Appellees' motion to dismiss raised only the issue of whether the complaint was sufficient to justify their being penalized under the ordinance. It cannot be definitely ascertained upon which of the grounds urged the court based its judgment of dismissal. It is readily apparent, however, that the court did not affirmatively rule upon the constitutional ground alleged. It follows that no constitutional question is involved in the record presented so as to give this court jurisdiction on direct appeal. *People ex rel. Trust Co.* v. *Holleb,* 402 Ill. 594; *Hackner* v. *Van Wyck,* 381 Ill. 622; *Grutzius* v. *Armour and Co.* 377 Ill. 447.

The cases of *City of Bloomington* v. *Wirrick,* 381 Ill. 347, and *City of Chicago* v. *Openheim,* 229 Ill. 313, relied upon by appellant in support of its contention that we have jurisdiction, do not in any way advance its position, for in each case we assumed jurisdiction because the trial court had affirmatively ruled on the constitutionality of the ordinance involved, and the ruling was preserved for review.

The only issue on appeal made by the record presented is whether the trial court correctly decided the cause upon any one or more of the points made by the motion to strike. (*Ryan* v. *City of Chicago,* 363 Ill. 607.) Appellees' motion to transfer the cause is allowed, and it is, accordingly, transferred to the Appellate Court for the Second District.

*Cause transferred.*