566

(No. 32227.—

EUSEBIUS JAMES BIGGS, Appellant, *vs.* THE CITY OF CHICAGO *et al.,* Appellees.

*Opinion filed March 20, 1952.*

E. J. BIGGS, of Chicago, appellant, *pro se.*

JOHN J. MORTIMER, Corporation Counsel, of Chicago, (L. LOUIS KARTON, and ARTHUR MAGID, of counsel,) for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Eusebius Biggs, proceeding without counsel, filed a complaint in the circuit court of Cook County against the city of Chicago and its Mayor, Commissioner of Public Works, and Corporation Counsel, seeking to enjoin them from enforcing certain provisions of the municipal plumbing code.

The complaint as amended charged that the plaintiff is unable to do plumbing work in Chicago because he has no license as a master plumber; that "he is unable to obtain the said license because the City of Chicago has ordinances," as set forth in the complaint; and that such

ordinances contravene the constitution of this State and the fourteenth amendment to the United States constitution, in that illegal authority is delegated to the Board of Plumbing Examiners, "which created a monopoly for the benefit of the master plumbers heretofore licensed in Chicago." It was further alleged that examinations prescribed by the ordinance are not conducted "with the intention of selecting master plumbers with education and intelligence necessary for the health and safety of citizens of the City of Chicago, but are conducted and passed upon, as to grading, to select persons who are proficient in doing a menial task that is not customarily done by the average plumber;" that the requirements set forth on the application "limit the taking of the examination to those persons the present licensed master plumbers want as competitors, thus creating a class endowed with special privileges, to say who can and who can not be a master plumber;" that the city refuses to issue permits to the plaintiff for installation of water piping; and that plaintiff has had to refuse to take contracts for plumbing work because of his inability to obtain permits. Other allegations appear in the form of arguments and assertions attacking the validity of the Illinois Plumbing License Law. Ill. Rev. Stat. 1951, chap. 111½, par. 116.1-116.35.

Defendants filed a motion to dismiss the complaint as amended, on the grounds that it fails to state any cause of action and presents issues which are moot. An order was thereafter entered reciting in general terms that the motion was allowed and the cause dismissed. Appearing *pro se,* plaintiff has appealed directly to this court, on the supposition that a constitutional question is fairly involved.

To give this court jurisdiction of a direct appeal on the ground that a constitutional question is involved it must affirmatively appear from the record that the trial court ruled upon a constitutional question and that such ruling was preserved for review. It is not sufficient to confer

jurisdiction on this court that the pleading alleges a violation of some constitutional provision. (*City of Monmouth* v. *Lawson,* 408 Ill. 284.) There is nothing in the record before us which discloses that the court affirmatively ruled upon the constitutional matters sought to be presented by this complaint. The only issue presented by the record is whether the trial court correctly decided that the complaint failed to state a cause of action, and such decision could have been made without passing upon constitutional questions. It follows that no constitutional question is involved in the record presented so as to give this court jurisdiction on direct appeal. *City of Monmouth* v. *Lawson,* 408 Ill. 284; *People ex rel. Templeton* v. *Board of Education,* 399 Ill. 204.

The cause is, therefore, transferred to the Appellate Court for the First District.

*Cause transferred.*