(No. 32403.—

The People of the State of Illinois, Appellee, *vs.* Estella M. Schmidt *et al.*, Appellants.

*Opinion filed September 17, 1952.*

EDWARD BAKER, and TAYLOR E. WILHELM, both of Mendota, for appellants.

IVAN A. ELLIOTT, Attorney General, of Springfield, and CHARLES A. HELFRICH, State's Attorney, of Ottawa, (JOHN S. MASSIEON, of Ottawa, and HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This is an appeal from an order of the county court of La Salle County dismissing a motion in lieu of a petition for a writ of error *coram nobis* filed in a proceeding brought by the People under the Mental Health Act. Ill. Rev. Stat. 1949, chap. 91½, par. 1-1 *et seq.*

Appellant Isadore Schmidt was, on January 6, 1950, adjudged in need of mental treatment and committed to the Department of Public Welfare for confinement and treatment in Elgin State Hospital (Veteran's Division) at Elgin, Illinois. On January 15, 1951, a petition for discharge, signed by appellant Estella M. Schmidt and one R. E. Peter Schmidt was filed with the county clerk of La Salle County. This petition was set for hearing on January 26, 1951, commissioners were appointed and filed their written report finding no improvement in the mental condition of Isadore Schmidt and recommending his retention in an institution for further treatment. On the same day, this hearing was continued to be taken up by agreement of the parties. The record is barren of any further proceedings on this petition.

On October 31, 1951, Estella M. Schmidt and Peter Schmidt filed a motion in lieu of a petition for a writ of error *coram nobis,* on behalf of Isadore Schmidt. The State's Attorney of La Salle County filed a motion to dis-

miss that motion on the ground that it was an improper remedy in that judgments in mental illness proceedings are not reviewable by this type of motion. The court, on November 14, 1951, granted the State's motion, entered an order dismissing the motion in lieu of a petition for writ of error *coram nobis,* and from this order appellants appeal.

The appellants' motion alleged that the original petition was based on false information from the State's Attorney's office; that Isadore Schmidt did not know the nature of the proceedings against him; that he was not represented by counsel; that he was coerced into waiving a jury trial; and that the provisions of the Mental Health Act are unconstitutional in that they deprive him of his liberty without due process of law. Appellants contend that these allegations raise constitutional questions and confer jurisdiction upon this court.

We have repeatedly held that before this court will take jurisdiction of an appeal on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question was presented and passed upon by the trial court, the ruling preserved in the record, and error assigned upon it here. (*Grutzius* v. *Armour and Co.* 377 Ill. 447; *Economy Dairy Co.* v. *Kerner,* 371 Ill. 261.) The mere fact that a pleading alleging constitutional grounds is dismissed does not confer jurisdiction unless it appears that the court's ruling actually decided the constitutional questions. *Ryan* v. *City of Chicago,* 363 Ill. 607; *City of Springfield* v. *Kable,* 372 Ill. 455; *Pollack* v. *County of DuPage,* 371 Ill. 199; *People ex rel. Rago* v. *Lipsky,* 390 Ill. 70.

The order of the trial court entered November 14, 1951, found "A judgment in a mental illness proceeding is not reviewable by a motion in lieu of petition for a writ of error *coram nobis,* and therefore said motion to dismiss should be allowed." It is apparent the trial court did not pass upon the validity of the Mental Health Act or whether

Isadore Schmidt had been deprived of any of his constitutional rights. The court only decided that appellant's motion was not a proper remedy in the statutory proceeding involved. This presents no constitutional question for review by this court and we are without jurisdiction of this appeal.

This cause is therefore transferred to the Appellate Court for the Second District. *Cause transferred.*