(No. 32641.—

GEORGE T. JURUS *et al.,* Appellants, *vs.* THE CHICAGO HOUSING AUTHORITY, Appellee.

*Opinion filed March 23, 1953.*

HEBER T. DOTSON, of Chicago, for appellants.

ROBERT A. SNOW, and IRVING GOODMAN, both of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

George T. Jurus and Rose Jurus, appellants, were the owners of a certain parcel of real estate in the city of Chicago, hereafter referred to as parcel No. 72, which property, along with several other parcels in the adjacent area, has been condemned on petition of the Chicago Housing Authority, a municipal corporation and appellee here. By this appeal appellants seek reversal of an order of the circuit court of Cook County, sustaining the motion of the appellee to dismiss a bill of review filed by appellants. The appeal comes here directly from the circuit court of Cook County.

On February 20, 1948, the Chicago Housing Authority filed its petition for condemnation, pursuant to the Housing

Authorities Act, (Ill. Rev. Stat. 1951, chap. 67½, pars. 1 to 27e,) to acquire certain parcels of property for slum clearance, redevelopment, and rehabilitation within the city of Chicago. Among the parcels of land in the condemned area was this parcel belonging to the appellants and referred to as parcel No. 72. The appellants appeared and filed a motion to dismiss the petition for condemnation on the ground that there was no jurisdiction to condemn, in that it was a taking of private property for a private use. However, the court denied appellants' motion. Thereafter, upon trial before a jury a verdict was returned awarding appellants $5000 as just compensation. Judgment was then entered on the verdict.

Subsequently, and within due time, appellants filed and served their notice of appeal praying an appeal to this court to reverse said condemnation judgment. On March 18, 1952, upon motion by appellee, an order was entered in the circuit court of Cook County dismissing the appeal for failure of these appellants to file the record on appeal with this court within sixty days from the filing of the notice of appeal as required by Rule 36(2)(a) of this court.

On March 18, 1952, appellants filed in the circuit court of Cook County their bill of review for errors apparent upon the record, seeking review of the entire condemnation proceeding. Appellants alleged as errors appearing on the record that (1) the circuit court had no jurisdiction of the subject matter in a condemnation proceeding seeking to take private property for a private use, (2) the legislature has no power to authorize the taking of private property for private use, (3) it was the court's duty to dismiss the petition when it became apparent that private property was being taken for a private use, and (4) the orders entered in the cause were against article II, section 2, of the constitution of the State of Illinois, and sections 1 and 2 of the fourteenth amendment to the constitution of the United States. For these reasons the appellants prayed that the

judgment orders in the condemnation proceeding be reviewed, reversed, and set aside, and that no further proceedings be taken thereon, and that they might have such other and further relief in the premises as equity might require.

On April 16, 1952, appellee filed a motion to dismiss the bill of review on the ground that a bill of review cannot function as an appeal or writ of error and that the complaint does not state a cause of action for a bill of review. After having heard arguments of counsel on this matter, an order was entered May 8, 1952, in the circuit court of Cook County, sustaining the motion to dismiss, and the bill of review filed by appellants was dismissed. It is from that order that the instant appeal is prosecuted.

The principal questions presented to this court for review are (1) whether a bill of review lies to review the errors assigned or the judgment in this kind of proceeding, and (2), considering it as a proper method of review, whether it is not defective here in that it fails to bring up the entire record to show whether the taking was for a public or private use. Of primary importance, however, is the question of whether this appeal is properly reviewable in this court.

In the case of *Rubin* v. *Midlinsky,* 327 Ill. 89, the appellants had filed a petition in the circuit court for leave to file a bill of review, supported by affidavits and exhibits. Leave to file the bill was denied. We there held that when leave to file a bill is allowed no alteration or reversal of the former decree occurs. The only question presented for review by an appeal from a decision denying leave to file a bill of review is whether or not the court erred in denying leave to file a bill of review. A reversal of that order would simply amount to a finding and judgment that a sufficient showing had been made to warrant another trial on the issues upon which the case was first submitted. An affirmance of the judgment of the lower court would simply

amount to a finding and judgment that the appellant was not entitled to another trial on the issues.

The order from which this appeal is taken dismissed the bill of review on appellee's motion, which motion set forth as grounds for dismissal that a bill of review was not the proper method to be here employed for the reason that it cannot be made to function as an appeal or writ of error, and that the complaint did not state a cause of action for a bill of review. As in *Rubin* v. *Midlinsky,* reversal of that order would simply amount to a finding and judgment that a bill of review was the proper means to be employed here and that the complaint did state a cause of action for a bill of review and warranted another trial on the issues upon which the case was first submitted. Affirmance of the judgment of the lower court would simply amount to a finding and judgment that another trial on the issues could not be allowed. Obviously, no freehold is directly involved in the issues of this appeal, as neither an affirmance nor a reversal of the order of the lower court would amount to an alteration or reversal of the former order in condemnation. As a result of either an affirmance or reversal of the order appealed from here, neither party would necessarily lose nor the other gain a freehold, as is necessary to confer jurisdiction in this court of a direct appeal. (*Streator Federal Savings & Loan Ass'n* v. *Benckendorf,* 413 Ill. 280.) Even though the bill of review, which was dismissed, alleged constitutional grounds, no jurisdiction is conferred on this court to entertain a direct appeal, since the order of the lower court decided no constitutional questions. (*People* v. *Schmidt,* 413 Ill. 80.) No other ground for direct review of the order is apparent. Having no jurisdiction, this court cannot entertain this appeal.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*