(No. 33667.—)

THE VILLAGE OF LANSING, Appellee, *vs.* META HACKER *et al.*—(CHARLES SMITH, Appellant.)

*Opinion filed November 23, 1955*

GEORGE A. BOSOMBURG, of Chicago, for appellant.

DONALD P. McFADYEN, and MORTIMER, NOLAN, O'MAL-LEY & DUNNE, both of Chicago, (ROBERT J. NOLAN, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is a direct appeal from a decree of the circuit court of Cook County which found that a building owned by Charles Smith, the appellant, had deteriorated in excess of 65% of its value, and ordered the removal of its tenants and its demolition because of the hazards occasioned to public health and safety. The action, which was instituted by appellee, the village of Lansing, in a complaint for declaratory judgment, was predicated on a village ordinance adopted pursuant to the authority granted in section 23-71 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1949, chap. 24, par. 23-71.) In seeking to justify this court's jurisdiction of a direct appeal, appellant argues that the constitutionality of both the ordinance and the statute is involved.

The complaint here made against both the enactments is that they delegate a legislative function to an executive officer in violation of article III of the Illinois constitution. We do not find that the constitutional issues now made were either raised or passed upon in the court below. The rule is that before the jurisdiction of this court attaches on the ground that a constitutional question is involved, it must appear from the record that the question is fairly debatable, that it was urged in the lower court, that the court ruled on it, and that such ruling is preserved in the record. (*Con-*

*tinental Paper Grading Co.* v. *Fisher & Associates, Inc.*
1 Ill. 2d 37; *Dube* v. *Allman,* 396 Ill. 470; *People ex rel.
Rago* v. *Lipsky,* 390 Ill. 70.) Appellant's counsel makes
no pretense that the constitutional objections now raised
were ever presented or ruled upon in the lower court, but
argues that we are invested with jurisdiction because of
general allegations in his pleadings and exceptions to the
master's report that the ordinance is "void" and that it vio-
lates constitutional provisions. It is elementary, however,
that it is not sufficient to confer jurisdiction on this court
for a pleading or argument of counsel merely to allege that
a statute or ordinance will violate some constitutional pro-
vision. What is necessary is that the record affirmatively
disclose that the constitutional question was not only pre-
sented to the trial court for decision but was passed upon
by it. (*Ryan* v. *City of Chicago,* 363 Ill. 607; *People
ex rel. Rago* v. *Lipsky,* 390 Ill. 70.) There is nothing in
the record which is sufficient to give us jurisdiction on the
ground that a constitutional question is involved.

Normally, when a cause is wrongfully appealed to this
court, the Civil Practice Act requires that it be transferred
to the Appellate Court. (Ill. Rev. Sat, 1953, chap. 110,
pars. 210 and 259.47.) However, when no useful purpose
may be served by so transferring, it is proper for this court
to dismiss the appeal. (*Teren* v. *City of Chicago,* 413 Ill.
141; *De La Cour* v. *De La Cour,* 363 Ill. 545.) Here,
in the absence of a constitutional question, the remaining
assignments of error, which go to the correctness of the
lower court's decree, are necessarily predicated upon the
report of proceedings in the trial court. Inasmuch as appel-
lant has filed no report of proceedings, we conclude that
no useful purpose could be served by transferring the cause
to the Appellate Court. Accordingly, the appeal will be
dismissed.

*Appeal dismissed.*